# In re Jose Angel CARACHURI-ROSENDO, Respondent

File A44 075 911 - Houston

*Decided December 13, 2007*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  Decisional authority from the Supreme Court and the controlling Federal circuit court of appeals is determinative of whether a State drug offense constitutes an "aggravated felony" under section 101(a)(43)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(B) (2000), by virtue of its correspondence to the Federal felony offense of "recidivist possession," as defined by 21 U.S.C. § 844(a) (2000). *Matter of Yanez*, 23 I&N Dec. 390 (BIA 2002), followed.

(2) Controlling precedent of the United States Court of Appeals for the Fifth Circuit dictates that the respondent's Texas conviction for alprazolam possession qualifies as an "aggravated felony" conviction by virtue of the fact that the underlying alprazolam possession offense was committed after the respondent's prior State "conviction" for a "drug, narcotic, or chemical offense" became "final" within the meaning of 21 U.S.C. § 844(a).

(3) Absent controlling authority regarding the "recidivist possession" issue, an alien's State conviction for simple possession of a controlled substance will not be considered an aggravated felony conviction on the basis of recidivism unless the alien's status as a recidivist drug offender was either admitted by the alien or determined by a judge or jury in connection with a prosecution for that simple possession offense.

FOR RESPONDENT:  Thomas F. Perkinson, Esquire; Anne Chandler, Esquire, Houston, Texas

AMICUS CURIAE:[1]  Alina Das, Esquire, Brooklyn, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Rachel Silver, Appellate Counsel; Matthew Downer, Appellate Counsel

BEFORE: Board En Banc:  OSUNA, Acting Chairman; HOLMES, COLE, FILPPU, GRANT, and MILLER, Board Members. Concurring Opinions: PAULEY, Board Member, joined by HURWITZ, Acting Vice Chairman; HESS, Board Member.

FILPPU, Board Member:

---

[1] We acknowledge and appreciate the very helpful briefs submitted by the parties and by amicus curiae, representing the Immigrant Defense Project of the New York State Defenders Association.

The respondent, a native and citizen of Mexico, appeals from an Immigration Judge's December 19, 2006, decision pretermitting his application for cancellation of removal under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a) (2000). The Department of Homeland Security ("DHS") opposes the appeal. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent has two relevant convictions in Texas: (1) on October 28, 2004, for possessing 2 ounces or less of marijuana in violation of section 481.121 of the Texas Health & Safety Code; and (2) on November 15, 2005, for possessing less than 28 grams of alprazolam in violation of section 481.117(b) of the Texas Health & Safety Code. There is no dispute that these convictions make the respondent removable as an alien convicted of a violation of State law relating to a controlled substance. Section 237(a)(2)(B)(i) of the Act, 8 U.S.C. § 1227(a)(2)(B)(i) (2000). Thus, the only issue on appeal is whether the respondent qualifies for cancellation of removal.

The Immigration Judge found the respondent ineligible for cancellation of removal because he failed to demonstrate that he "has not been convicted of any aggravated felony," as required by section 240A(a)(3) of the Act. Specifically, the Immigration Judge determined that the respondent's 2005 conviction for alprazolam possession was for an "aggravated felony" under section 101(a)(43)(B) of the Act, 8 U.S.C. § 1101(a)(43)(B) (2000), because it corresponded to the Federal felony of "recidivist possession" when considered in conjunction with his prior conviction for marijuana possession.

On appeal, the respondent challenges the Immigration Judge's determination that he stands convicted of an aggravated felony. The respondent and the DHS have each filed several appellate briefs, and an amicus curiae brief has been filed on the respondent's behalf. A three-member panel of the Board heard oral argument on July 12, 2007.

## II. LEGAL BACKGROUND

Section 101(a)(43) of the Act defines the term "aggravated felony" to include a "drug trafficking crime" as defined in 18 U.S.C. § 924(c) (2000), "whether in violation of Federal or State law." In turn, 18 U.S.C. § 924(c)(2) defines "drug trafficking crime" to mean "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.)." The United States Supreme Court recently held that "a state offense constitutes a 'felony

punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." *Lopez v. Gonzales*, 127 S. Ct. 625, 633 (2006).  Thus, for a State drug offense to qualify as a "drug trafficking crime" and, by extension, an aggravated felony, it must correspond to an offense that carries a maximum term of imprisonment exceeding 1 year under the Controlled Substances Act ("CSA").  *Id.* at 631 & n.7.

Most simple possession offenses proscribe conduct punishable as a Federal misdemeanor.  However, as the Supreme Court recognized in a footnote in *Lopez v. Gonzales*, *supra*, the CSA does punish a few simple possession offenses with terms of imprisonment of more than 1 year, making them Federal felonies.  *Id.* at 630 n.6.  Specifically, the Court indicated that "[t]hose state possession crimes that correspond to felony violations of [the CSA], such as . . . recidivist possession, clearly fall within the [aggravated felony definition], regardless of whether these federal possession felonies or their state counterparts constitute 'illicit trafficking in a controlled substance' or 'drug trafficking' as those terms are used in ordinary speech."  *Id.* (citation omitted).

The statutory basis for the Supreme Court's discussion of "recidivist possession" as a Federal felony is provided by 21 U.S.C. § 844(a) (2000):

> It shall be unlawful for any person knowingly or intentionally to possess a controlled substance . . . .  Any person who . . . commits such offense after . . . a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, has become final, . . . shall be sentenced to a term of imprisonment for . . . not more than 2 years . . . .

The language of 21 U.S.C. § 844(a) makes clear that a drug possession offense can be punished as "recidivist possession" only if it was committed after a prior drug conviction became final.  Although the respondent does not dispute that his 2004 conviction for marijuana possession had become "final" prior to his commission of alprazolam possession in 2005, he emphasizes that a Federal judge has no authority to impose a felony sentence on a recidivist under the CSA unless, prior to trial or plea, the prosecutor filed and served an "enhancement information" pursuant to 21 U.S.C. § 851(a) (2000), the purpose of which is to provide the defendant with notice and an opportunity to review allegations of previous convictions for accuracy, to contest the use of such convictions, to create a trial strategy, and to evaluate the consequences of a jury verdict.  *United States v. Arnold*, 467 F.3d 880, 886-87 (5th Cir. 2006). Once such an information is filed, the defendant is entitled to a colloquy before the judge in which he must affirm or deny the existence or validity of the first conviction.  21 U.S.C. § 851(b).[2]  If the defendant denies the facts upon which

---

[2]  To avoid needless confusion, this order refers to a repeat offender's prior and latter convictions as the "first" and "second," respectively, unless context dictates otherwise.

a recidivism charge is based, the burden is on the prosecution to prove those facts to the judge beyond a reasonable doubt. 21 U.S.C. § 851(c)(1). Furthermore, in some cases the defendant is allowed to challenge the validity of the first conviction without the necessity of lodging a formal collateral challenge in the convicting State. 21 U.S.C. §§ 851(c)(2), (e).

## III. ISSUE

The issue is whether the respondent has been convicted of an offense that "proscribes conduct punishable as a felony" under the CSA within the meaning of *Lopez v. Gonzales*, *supra*, at 633, such that it may be considered a "drug trafficking crime" and, by extension, an "aggravated felony."

## IV. DEFERENCE TO CIRCUIT LAW

Whether a particular State possession offense corresponds to the Federal felony of "recidivist possession" is a complicated question that involves the interplay of Federal and State criminal statutes. Our interpretation of criminal statutes is not entitled to deference; instead, we owe deference to the meaning of Federal criminal law as determined by the Supreme Court and the Federal circuit courts of appeals. *Matter of Yanez*, 23 I&N Dec. 390, 396-97 (BIA 2002). Moreover, this imperative of deference applies without regard to whether the court construed the statute in the immigration context or the criminal sentencing context, as long as the identical provision was at issue. *Leocal v. Ashcroft*, 543 U.S. 1, 11 n.8 (2004) (explaining that, if a statute has criminal applications, "the rule of lenity applies" to the Court's interpretation of the statute even in immigration cases "[b]ecause we must interpret the statute consistently, whether we encounter its application in a criminal or noncriminal context").

At present, seven circuits have issued precedents deciding whether, and under what circumstances, a State offense of simple possession of a controlled substance qualifies as an aggravated felony based on its correspondence to the Federal felony of "recidivist possession." *See United States v. Pacheco-Diaz*, 506 F.3d 545, 548-49 (7th Cir. 2007); *Smith v. Gonzales*, 468 F.3d 272, 276-77 (5th Cir. 2006); *Berhe v. Gonzales*, 464 F.3d 74, 85-86 (1st Cir. 2006); *United States v. Palacios-Suarez*, 418 F.3d 692, 699-700 (6th Cir. 2005); *United States v. Sanchez-Villalobos*, 412 F.3d 572, 576-77 (5th Cir. 2005), *cert. denied*, 546 U.S. 1137 (2006); *Ferreira v. Ashcroft*, 382 F.3d 1045, 1050 (9th Cir. 2004); *United States v. Simpson*, 319 F.3d 81, 85-86 (2d Cir. 2002); *Gerbier v. Holmes*, 280 F.3d 297, 315-18 (3d Cir. 2002); *Steele v. Blackman*, 236 F.3d 130, 137-38 (3d Cir. 2001). These decisions do not reflect a consensus regarding the proper approach to "recidivist possession" offenses. Furthermore, all of the decisions, except for

*United States v. Pacheco-Diaz*, *supra*, predate the Supreme Court's ruling in *Lopez v. Gonzales*, *supra*. Nevertheless, with the possible exception of *Ferreira v. Ashcroft*, *supra*,[3] these precedents may well be consistent with *Lopez v. Gonzales*, *supra*, such that they may need to be followed in removal proceedings, unless altered by the circuits in some respect.

## V. EFFECT OF FIFTH CIRCUIT LAW

In *United States v. Sanchez-Villalobos*, *supra*, the Fifth Circuit–in whose jurisdiction these proceedings arise–held that an illegal reentry alien's 2001 Colorado conviction for codeine possession qualified as a valid factual predicate for an "aggravated felony" sentence enhancement because the underlying offense was a "felony" under both State *and Federal* law. Of particular relevance here is the court's determination that the Colorado offense was "considered a felony under federal law." *Id.* at 576. As the court explained,

> Sanchez-Villalobos was convicted for possession of marijuana in 1997. Because he was convicted of a prior drug possession offense, his subsequent Colorado conviction for possession of codeine in 2001 could have been punished under § 844(a) as a felony with a penalty of up to two years imprisonment.

*Id.* at 577 (citing *United States v. Simpson*, *supra*, at 85-86). Thus, the *Sanchez-Villalobos* court determined that the defendant's codeine possession offense was, to use the Supreme Court's terminology, "a state offense [that] proscribes conduct punishable as a felony" under the CSA. *Lopez v. Gonzales*, *supra*, at 633.

The *other* holding in *Sanchez-Villalobos*, i.e., that the codeine possession offense was an aggravated felony simply by virtue of its "felony" classification under State law, was plainly superseded by *Lopez v. Gonzales*, *supra*, which held that such State classifications are irrelevant. It is equally plain, however, that *Lopez v. Gonzales*, *supra*, did not reject the "federal felony" rationale adopted in the alternate holding of *Sanchez-Villalobos*, discussed above. On the contrary, that rationale is reconcilable with the Supreme Court's treatment of "recidivist possession" as an offense that corresponds to some "state possession crimes." *Lopez v. Gonzales*, *supra*, at 631 n.6.

---

[3] The Ninth Circuit holds that an adjudicator cannot consider recidivist sentencing enhancements when seeking to determine whether a State offense constitutes a drug trafficking aggravated felony. *Ferreira v. Ashcroft*, *supra*, at 1050. The rationale for this restrictive interpretation, which seems in tension with *Lopez v. Gonzales*, *supra*, at 631 n.6, is subject to a Supreme Court challenge in a context different from the one now before us. *United States v. Rodriquez*, 464 F.3d 1072 (9th Cir. 2006), *cert. granted*, 128 S. Ct. 33 (2007) (No. 06-1646).

We consider the alternate holding of *Sanchez-Villalobos* to be controlling here for two reasons. First, that holding is not explicitly foreclosed by *Lopez v. Gonzales*, *supra*. And second, it did not require that the Colorado conviction have been entered in a proceeding that complied with the procedural requirements for Federal recidivist treatment in order for the underlying offense to be "considered a felony under federal law." *United States v. Sanchez-Villalobos*, *supra*, at 576. In accordance with *Sanchez-Villalobos*, then, we hold that the respondent's 2005 Texas conviction for alprazolam possession was for an offense that is "considered a felony under federal law," thereby qualifying it as an aggravated felony in the Fifth Circuit. *Id.*

Both parties urge us to resolve the issues presented on appeal in accordance with our own judgment, but we cannot simply overlook the fact that *Sanchez-Villalobos* is a precedent decision of the controlling circuit that has been neither overruled nor shown to be meaningfully distinguishable from the present case. Board Member Pauley's concurring opinion points to a footnote in *Smith v. Gonzales*, *supra*, to support its view that *Sanchez-Villalobos* has been deprived of its precedential value, yet the footnote in question merely observes that "the effect of . . . *Sanchez-Villalobos* is uncertain" with respect to the recidivist possession issue. *Smith v. Gonzales*, *supra*, at 276 n.3. Even after *Lopez* and *Smith*, moreover, the criminal law courts within the Fifth Circuit have continued to rely on *Sanchez-Villalobos* as controlling precedent on the recidivist possession question. Indeed, the Fifth Circuit itself recently affirmed a district court decision that relied on *Sanchez-Villalobos* to reject many of the same arguments advanced by the present respondent. *United States v. Castro-Coello*, 474 F. Supp. 2d 853, 859-62 (S.D. Tex. 2007), *aff'd sub nom. United States v. Molina-Gonzales*, 234 Fed. Appx. 319 (5th Cir., July 17, 2007) (No. 07-40279) (per curiam); *see also United States v. Lopez-Molina*, 494 F. Supp. 2d 517, 521-22 (W.D. Tex. 2007); *United States v. Rodriguez-De Leon*, 492 F. Supp. 2d 677, 680-82 (W.D. Tex. 2007).

The courts of criminal jurisdiction within the Fifth Circuit presently treat *Sanchez-Villalobos* as controlling on the recidivist possession issue, and we see no ground for departing from that view. Absent an en banc decision, even Fifth Circuit judges cannot overrule prior panel decisions unless "'such overruling is unequivocally directed by controlling Supreme Court precedent.'" *Martin v. Medtronic, Inc.*, 254 F.3d 573, 577 (5th Cir. 2001) (quoting *United States v. Zuniga-Salinas*, 945 F.2d 1302, 1306 (5th Cir. 1991)). It is certainly reasonable to believe that the Fifth Circuit may want to reexamine its law in the wake of *Lopez v. Gonzales*. Indeed, as we explain below, we believe *Lopez* points strongly toward a different construction of the statute in "recidivist possession" cases. But it is not for this Board to declare that Fifth Circuit precedent has been implicitly overruled by the

Supreme Court. If Fifth Circuit law needs to be refined in light of *Lopez*, then the Fifth Circuit should be the one to refine it.[4]

## VI. RECIDIVIST POSSESSION CASES NOT GOVERNED BY CIRCUIT LAW

Although we consider *United States v. Sanchez-Villalobos*, *supra*, to control this case, we acknowledge that *Lopez v. Gonzales*, *supra*, may require a reexamination of prior circuit law, including Fifth Circuit law. The "recidivist possession" issue is also important in general, and we strive for as consistent a nationwide application of the immigration laws as possible. We shall therefore explain how to resolve cases involving aliens alleged to have State offenses corresponding to "recidivist possession" in the absence of controlling circuit law.[5]

### A. Ambiguity of the Statute as to Recidivist Possession Cases

We must decide whether a State simple possession offense that might have been subject to a Federal felony recidivist prosecution qualifies as a "felony punishable under the [CSA]" within the meaning of 18 U.S.C. § 924(c)(2). Although *Lopez v. Gonzales*, *supra*, went far to explain the meaning of this statutory language, significant ambiguities persist in the "recidivist possession" context.

The statutory question is complicated because "recidivist possession" is not a discrete offense under Federal law. A criminal "offense" is defined by its "elements," *Schmuck v. United States*, 489 U.S. 705, 716-17 (1989), with "elements" being understood as facts that must be proven to a jury beyond a reasonable doubt in order to convict. *In re Winship*, 397 U.S. 358, 364 (1970).

---

[4] Immigration Judges conducting removal proceedings within a circuit that has already spoken on the "recidivist possession" issue must make judgments that faithfully adhere to those decisions, absent superseding Supreme Court precedent. To illustrate, our decision in *Matter of Santos-Lopez*, 23 I&N Dec. 419 (BIA 2002), was superseded by the Supreme Court's decision in *Lopez v. Gonzales*, *supra*. Furthermore, our decision in *Matter of Elgendi*, 23 I&N Dec. 515 (BIA 2002), was superseded by the Second Circuit's subsequent decision in *United States v. Simpson*, *supra*.

[5] Because Fifth Circuit precedent is dispositive of this appeal, the present discussion is in the nature of guidance rather than a formal holding. We have chosen this appeal as the vehicle for articulating our analytical approach to the "recidivist possession" issue because the parties and amicus have exhaustively developed the question in their briefs and at oral argument. Moreover, the analytical approach we adopt today is applied as the holding of *Matter of Thomas*, 24 I&N Dec. 416 (BIA 2007), which we publish simultaneously with the present decision.

Yet "recidivist possession" is not defined in relation to "elements." Instead, it is an amalgam of elements, substantive sentencing factors, and procedural safeguards, many of which need never have been submitted to a jury. Specifically, although 21 U.S.C. § 844(a) defines simple possession by reference to several formal statutory elements, facts leading to recidivist felony *punishment*, such as the existence of a prior conviction, do not qualify as "elements" in the traditional sense. *Almendarez-Torres v. United States*, 523 U.S. 224, 228-35 (1998). Furthermore, 21 U.S.C. § 851 precludes a Federal judge from enhancing a drug offender's sentence on the basis of recidivism absent compliance with a number of safeguards that, among other things, serve to protect the right of the accused to notice and an opportunity to be heard as to the propriety of an increased punishment based on prior convictions.

An additional issue affecting the interpretation of the statute arises from the fact that determinations respecting "drug trafficking crime" convictions are subject to the "categorical approach." *See, e.g.*, *Sandoval-Lua v. Gonzales*, 499 F.3d 1121, 1127-28 (9th Cir. 2007); *Batrez Gradiz v. Gonzales*, 490 F.3d 1206, 1210-11 (10th Cir. 2007). This means that any correspondence between a State possession "conviction" and the Federal felony of "recidivist possession" must presumptively be determined by reference to the statutory definition of the State offense or, where that offense is "divisible," by reference to admissible portions of the "conviction record" showing which prong of the divisible statute led to the particular conviction. *Gonzales v. Duenas-Alvarez*, 127 S. Ct. 815 (2007) (discussing the categorical approach as applied to aggravated felony determinations under the immigration law); *see also Shepard v. United States*, 544 U.S. 13 (2005); *Taylor v. United States*, 495 U.S. 575 (1990). Yet because "recidivist possession" consists in large part of "nonelement" facts, it is not clear how the categorical approach should be applied. *See, e.g.*, *Shepard v. United States*, *supra*, at 19 (stating that "the categorical approach . . . refers to predicate offenses in terms not of prior conduct but of prior 'convictions' and the 'element[s]' of crimes").[6]

Hence, there are a variety of uncertainties over how to apply the statute in "recidivist possession" cases, and we find the statute ambiguous on this question.

---

[6] The nonelement facts pertaining to recidivist possession are aspects of Federal criminal law itself. They are not directly part of the immigration statute. As such, they are not easily characterized as "limiting" or "aggravating" factors within the "aggravated felony" definition, such that the statute readily contemplates their being determined in the first instance by an Immigration Judge in removal proceedings. *Cf. Matter of Babaisakov*, 24 I&N Dec. 306 (BIA 2007) (allowing an Immigration Judge to assess nonelement facts about a crime independently when the *removal statute* does not require the fact to have been part of the "conviction" itself).

B.  Interpretation of the Board

We resolve the ambiguities in the statute primarily by looking to the reasoning and holding of the Supreme Court in *Lopez v. Gonzales*, *supra*, to the particular arguments of the parties, and to the minimum requirements for imposing recidivist punishments in criminal cases.  We are also influenced by the problems in having a "recidivist offense" be identified for the first time in removal proceedings simply by virtue of an alien's overall criminal history, as opposed to being determined during the criminal prosecution for the alleged recidivist conviction itself.

In *Lopez v. Gonzales*, *supra*, the Supreme Court explained that the language of section 101(a)(43)(B) and 18 U.S.C. § 924(c)(2) applies primarily to offenses that involve "trafficking" in controlled substances.  As the Court emphasized, construing "trafficking" to encompass simple possession is "incoheren[t] with any commonsense conception" of the term's ordinary meaning and is to be resisted in the absence of a clear congressional directive to the contrary.  *Lopez v. Gonzales*, *supra*, at 629-30.  And while the Court acknowledged in a footnote that "Congress did counterintuitively define some simple possession offenses as 'illicit trafficking'" by classifying them as "felonies" under the CSA, it described the inclusion of such offenses as "coerced."  *Id.* at 630 n.6.  In our view, all that can reasonably be discerned from this footnote is that 21 U.S.C. § 844(a) defines "recidivist possession" as "an offense," constituting a "felony violation" of the Federal drug laws, that "corresponds" to some "state possession crimes."  *Id.*

The most important lessons of *Lopez v. Gonzales*, *supra*, are the concern for *actual* drug trafficking embodied in section 101(a)(43)(B) of the Act, and the Court's specific holding that a State offense can be an aggravated felony drug trafficking crime "only if it proscribes conduct punishable as a felony under" Federal law.  *Id.* at 633.  In light of these dictates, we find it inappropriate to treat a series of misdemeanor possession offenses as "trafficking" felonies unless we are confident that the State offense corresponds in a meaningful way to the essential requirements that must be met before a felony sentence can be imposed under Federal law on the basis of recidivism.

The DHS initially argued that any correspondence between a "state possession crime" and the Federal felony of "recidivist possession" could be established by means of a purely *hypothetical* inquiry, in which the question is not whether the respondent was convicted of "a state offense [that] proscribes conduct punishable as a felony" under the CSA, but rather whether he has a criminal history that *could have* exposed him to felony treatment had he been prosecuted federally.  The concurring opinion authored by Board Member Pauley continues to espouse this approach; however, the DHS modified its position after oral argument and now concedes that a conviction

arising in a State that has drug-specific recidivism laws cannot be deemed a State-law counterpart to "recidivist possession" unless the State actually used those laws to prosecute the respondent. The DHS has offered little more than a hint as to why it "clarified" its position in this manner. But it seems that the DHS is troubled by the fact that a purely hypothetical approach, carried to its logical conclusion, could result in a Federal *misdemeanor* conviction under 21 U.S.C. § 844(a) being treated as a hypothetical Federal *felony* on the ground that the defendant had prior convictions that *could have been used* as the basis for a recidivist enhancement. As the DHS now appears to acknowledge, it would likewise be anomalous to treat a second State conviction for simple possession as the hypothetical equivalent of a Federal "recidivist possession" conviction when the State affirmatively elected not to proceed under its own available recidivism laws.

The parties have not identified any State that prosecutes recidivist offenses in a manner that exactly parallels the CSA's recidivist requirements. Still, it appears that most, if not all, States have laws that authorize increased punishment for repeat offenders. Some States have recidivism laws that are focused directly and exclusively on drug crimes, others have general recidivism laws that encompass both drug crimes and nondrug crimes, still others have both, while a few may have neither. Importantly, however, all State recidivism prosecutions must correspond to the CSA's treatment of recidivism by providing the defendant with notice and an opportunity to be heard on whether recidivist punishment is proper. *Oyler v. Boles*, 368 U.S. 448, 452-53 (1962). In our view, these minimal requirements governing findings of recidivism are part and parcel of what it means for a crime to be a "recidivist" offense. Hence, we conclude–absent circuit law to the contrary–that a State conviction cannot "proscribe conduct punishable as" recidivist possession unless the State successfully sought to impose punishment for a recidivist drug conviction.

This means that the respondent's status as a recidivist drug possessor must have been admitted or determined by a court or jury within the prosecution for the second drug crime. It is not necessary, however, for the *structure* of the underlying State law to be comparable to the structure of the CSA. *Lopez v. Gonzales*, *supra*, requires a focus on a counterpart "offense," not a counterpart law. Thus, it is our understanding that a conviction under a particular State's *general* recidivist statute may correspond to "recidivist possession" under the CSA, provided the relevant prior conviction was for a drug offense that had become "final" as of the date when the second offense was committed.[7]

---

[7] Any State with no available recidivism law, in our judgment, would be similar to a State that lacks laws criminalizing "possession with intent to distribute." *See Lopez v. Gonzales*,

(continued...)

The record does not reflect that the present respondent was determined to be punishable in Texas because he was a recidivist drug possessor. This issue was neither litigated by the parties nor determined by the court in connection with his 2005 conviction for alprazolam possession. Thus, were we not constrained by Fifth Circuit law to hold otherwise, we would conclude that the respondent has not been convicted of an aggravated felony that precludes him from applying for cancellation of removal.

Our approach differs from that of the Seventh Circuit in *United States v. Pacheco-Diaz*, *supra*, the only precedential circuit court decision that has addressed "recidivist possession" after *Lopez v. Gonzales* was decided. In that case, the Seventh Circuit treated a criminal defendant's second Illinois conviction for marijuana possession as an aggravated felony conviction for sentence enhancement purposes because "he would have been eligible for a recidivist enhancement under section 844(a)" had he been prosecuted federally. *United States v. Pacheco-Diaz*, *supra*, at 550. The Seventh Circuit's approach is essentially identical to that taken by the Second and Fifth Circuits in *United States v. Simpson*, *supra*, and *United States v. Sanchez-Villalobos*, *supra*, respectively. Yet none of these courts addressed or resolved the more intricate set of issues raised by the parties here, bearing on how a State drug possession offense may equate to the Federal "offense" of recidivist possession when the Federal offense itself is compounded out of a disparate collection of elements, substantive sentencing facts, and procedural safeguards within the CSA.

We believe the question whether a second State drug possession offense "proscribes conduct punishable" as a Federal recidivist felony presents a broader set of issues than were presented in *Pacheco-Diaz*. Federal recidivist felony treatment hinges not simply on potential punishment; it requires the actual invocation by a Federal prosecutor of the recidivist enhancement features of Federal law. Indeed, the DHS acknowledges that a State possession offense cannot correspond to a Federal recidivist felony unless the State prosecutor actually invoked the available recidivist enhancement provisions of State law. We thus understand the *Lopez* Court's allusion to a "correspondence" between a "state possession crime" and "recidivist possession" as requiring a comparison between the *particular State offense* that is alleged to be an aggravated felony and the Federal offense of recidivist possession.

---

(...continued)

*supra*, at 633 (acknowledging that "an alien convicted by a State of possessing large quantities of drugs would escape the aggravated felony designation simply for want of a federal felony defined as possessing a substantial amount," despite the fact that the amount of drugs possessed could have led to a Federal felony prosecution under 21 U.S.C. § 841(a) for "possession with intent to distribute").

Yet the purely "hypothetical" approach embraced by the Second, Fifth, and Seventh Circuits (as well as the concurring Board Members) discounts the importance of the respondent's actual offense–in this case, his 2005 alprazolam possession offense–in favor of an expansive, and apparently noncategorical, inquiry into his larger criminal history. In essence, the hypothetical approach would authorize Immigration Judges to collect a series of disjunctive facts about the respondent's criminal history, bundle them together for the first time in removal proceedings, and then declare the resulting package to be "an offense" that could have been prosecuted as a Federal felony.[8]

In our view, however, the proper question is not whether the respondent's personal circumstances make him the type of person who could have been prosecuted as a Federal felon, but rather whether he has a State "conviction" for an offense that "proscribes conduct punishable as a felony under" Federal law. *Lopez v. Gonzales*, *supra*, at 633. Without a showing of recidivism within the confines of the State prosecution, we conclude that the State offense cannot be said to proscribe conduct punishable as a felony under Federal law. Thus, although *United States v. Pacheco-Diaz*, *supra*, is binding precedent in removal proceedings arising within the Seventh Circuit, we decline to follow it elsewhere.[9]

## VII. CONCLUSION

In conclusion, whether a State simple possession offense corresponds to the Federal felony of "recidivist possession" is a question that must be determined by reference to the controlling precedents of the Supreme Court and the

---

[8] Aliens in removal proceedings have no constitutional right to appointed counsel, so allowing facts about recidivism to be determined by an Immigration Judge in the first instance could raise due process concerns. *Chewning v. Cunningham*, 368 U.S. 443, 447 (1962) (finding that due process requires the appointment of counsel to a defendant charged as an habitual offender under Virginia law in light of the complexity of the recidivism issue).

[9] We also disagree with Board Member Pauley's contention that *Lopez v. Gonzales*, *supra*, prescribes a methodology for determining which State possession offenses correspond to "recidivist possession." The concurrence merely draws a series of inferences from the Court's brief discussion of "recidivist possession" and does its best to weave them into a complete tapestry, but in our view this tapestry is not of the Supreme Court's making. Board Member Pauley's concurrence also asserts that a State conviction must be capable of corresponding to a Federal recidivist conviction even if we assume that no State had any recidivist statute. But such an assumption is contrary to the existing body of State law, as the Supreme Court was well aware when it wrote footnote 6 in *Lopez v. Gonzales*, *supra*. *See Almendarez-Torres v. United States*, *supra*, at 243 (quoting *Parke v. Raley*, 506 U.S. 20, 26 (1992), for the proposition that "[r]ecidivism laws 'have a long tradition in this country that dates back to colonial times' and currently are in effect in all 50 States").

Federal circuit courts of appeals. However, absent controlling authority regarding the "recidivist possession" issue, an alien's State conviction for simple possession of a controlled substance will not be considered an aggravated felony conviction on the basis of recidivism unless the alien's status as a recidivist drug offender was either admitted by the alien or determined by a judge or jury in connection with a prosecution for that simple possession offense.[10]

The present respondent's alprazolam possession offense corresponds to the Federal felony offense of "recidivist possession" within the meaning of applicable Fifth Circuit law because he admits that he committed that offense after a prior drug conviction had become final. Fifth Circuit law does not now require that the recidivism question be determined against the respondent in the underlying State proceedings. Accordingly, subject to material changes in Fifth Circuit law, the respondent's 2005 conviction was for a "drug trafficking crime" within the meaning of 18 U.S.C. § 924(c)(2) and, by extension, an aggravated felony under section 101(a)(43)(B) of the Act that renders him ineligible for cancellation of removal. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

*CONCURRING OPINION*: Roger A. Pauley, Board Member, in which Gerald S. Hurwitz, Acting Vice Chairman, joined

This case requires us to decide whether, in light of the Supreme Court's decision in *Lopez v. Gonzales*, 127 S. Ct. 625 (2006) (holding that a State drug offense constitutes a "felony punishable under the Controlled Substances Act" only if it proscribes conduct punishable as a felony under that Federal law), a second or subsequent State conviction for possessing a controlled substance is an aggravated felony "drug trafficking crime" conviction under section 101(a)(43)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(B) (2000), notwithstanding that the State conviction was not rendered under circumstances in which the defendant alien was given pretrial notice that he or she was being charged with recidivist drug possession and

---

[10] We do not now decide whether State criminal procedures must have afforded the alien an opportunity to challenge the *validity* of the first conviction in a manner consistent with 21 U.S.C. § 851(c). *See Steele v. Blackman*, *supra*. Nor are we now concerned with the timing of notice, or with the burdens and standards of proof applicable to a defendant's challenge to his status as a recidivist. We also reserve the question whether facts about the nature, timing, or finality of prior convictions must be established categorically or otherwise.

afforded the right to challenge any such prior charged conviction, as required for Federal recidivist drug possession convictions under 21 U.S.C. § 844(a) (2000), by virtue of the provisions of 21 U.S.C. § 851 (2000) (entitled "Proceedings to establish prior convictions"). After the *Lopez* decision, the United States Court of Appeals for the Seventh Circuit resolved this issue in *United States v. Pacheco-Diaz*, 506 F.3d 545 (7th Cir. 2007), in a manner consistent with the views set forth in this concurrence, although evidently without considering the particular arguments raised by the parties here regarding 21 U.S.C. § 851. Thus, as noted by the majority, we are in the position of having to address some of the issues presented essentially as a matter of first impression, well aware that our disposition will not be entitled to the deference accorded when we interpret ambiguous statutes within the area of our expertise. *See Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Serv.*, 545 U.S. 967 (2005).

## I.  LEGAL BACKGROUND

Since our ultimate task is to divine the meaning of section 101(a)(43)(B) of the Act as applied to the State recidivism drug possession scenario, with the aid of any guideposts we may discern in *Lopez v. Gonzales*, *supra*, it is helpful before attempting to do so to set forth the crucial language in *Lopez* that bears on this matter as well as the relevant statutes and other judicial decisions that comprise the legal landscape to be traversed.

Section 101(a)(43) (containing a definition, with several lettered branches, of the term "aggravated felony") states in its penultimate sentence that the "term applies to an offense described in this paragraph whether in violation of Federal or State law and applies to such an offense in violation of the law of a foreign country for which the term of imprisonment was completed within the previous 15 years."

Section 101(a)(43)(B) defines as an aggravated felony "illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in section 924(c) of title 18, United States Code)." We are not concerned here with the "illicit trafficking" prong of the definition, which we have determined is confined to any unlawful trading or dealing in a controlled substance. *E.g.*, *Matter of Davis*, 20 I&N Dec. 536, 541 (BIA 1992) (finding that simple possession offenses are not within the concept of "illicit trafficking"); *see also Kuhali v. Reno*, 266 F.3d 93 (2d Cir. 2001) (approving the definition of "trafficking" in *Matter of Davis*). The referenced definition at 18 U.S.C. § 924(c) states that the term "drug trafficking crime" means "any felony punishable under the Controlled Substances Act [as well as under two other Federal drug statutes]."

In pertinent part, 21 U.S.C. § 844(a) provides as follows:

> It shall be unlawful for any person knowingly or intentionally to possess a controlled substance . . . . Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year . . . except that if he commits such offense after a prior conviction under this subchapter or subchapter II of this chapter, or a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years . . . .

It is not disputed by the respondent in this case that he has a prior controlled substance conviction or that the requisite "finality" requirements for felony recidivist status of the respondent's second State drug possession offense have been met. Therefore, the sole question before us is whether that second offense is properly treated as a felony considering the fact that, if the offense had been prosecuted federally, in order for the defendant to be sentenced to the increased penalty authorized under 21 U.S.C. § 844(a), the Government would have had to comply with 21 U.S.C. § 851, which requires that a pretrial information be filed alleging the prior conviction and permitting the defendant to challenge whether he has been convicted thereunder (i.e., whether he is the person against whom the conviction was rendered) and to collaterally attack the validity of the prior conviction on constitutional grounds.[1]

In *Lopez v. Gonzales*, *supra*, the Supreme Court resolved a split in the courts of appeals by holding that a State offense constitutes a "felony punishable under the Controlled Substances Act" only if it proscribes conduct punishable as a felony under that statute, notwithstanding that the offense was punishable as a felony under State law. Hence, the Court concluded, a single State felony offense of simple possession is not an aggravated felony inasmuch as, under the Federal counterpart provision of the Controlled Substances Act, 21 U.S.C. § 844(a), such an offense would be only a misdemeanor. In so doing, the Court rejected the view of the majority of courts of appeals, including that of the Fifth Circuit in which this case arises, that had held that a controlled substance offense qualified as a "drug trafficking crime" aggravated felony if the State graded the offense as a felony. Instead, the Court adopted the approach of a minority of circuits, sometimes referred to as the "hypothetical Federal felony" approach, in which a court examines the elements of the controlled substance offense as charged by the State and compares that offense to those enumerated in the Controlled Substances Act (and the other two referenced Federal drug statutes) to see whether, if federally

---

[1] The statute contains a limitation, not applicable here, restricting the ability to challenge the validity of the conviction to only those prior convictions entered within 5 years of the filing of the information.

prosecuted under such a corresponding statute, the State offense would be a felony (i.e., an offense punishable by more than 1 year in prison).

However, of critical importance to the instant case, the Court observed in *Lopez v. Gonzales*, *supra*, that even though the felony/misdemeanor distinction in the Controlled Substances Act appeared to be aimed primarily at identifying for felony treatment those controlled substances offenses that have a trafficking aspect, nevertheless,

> we must acknowledge that Congress did counterintuitively define some possession offenses as 'illicit trafficking.' Those state possession crimes that correspond to felony violations of one of the three statutes enumerated in § 924(c), such as . . . recidivist possession, *see* 21 U.S.C. § 844(a), clearly fall within the definitions used by Congress in 8 U.S.C. § 1101(a)(43)(B) and 18 U.S.C. § 924(c), regardless of whether these federal possession felonies or their state counterparts constitute 'illicit trafficking in a controlled substance' or 'drug trafficking' as those terms are used in ordinary speech."

*Lopez v. Gonzales*, *supra*, at 630 n.6. With the foregoing as backdrop, the complex issues presented by this case are addressed below.

## II. ANALYSIS

### A. Whether Fifth Circuit Case Law Is Controlling

Before addressing the merits, there is a threshold question, namely whether the issue at hand is controlled by case law issued prior to *Lopez v. Gonzales*, *supra*, in the Fifth Circuit, which the majority find dictates the outcome here and requires us to find that the respondent's second State drug possession offense is an aggravated felony. *See United States v. Sanchez-Villalobos*, 412 F.3d 572, 576-77 (5th Cir. 2005). We conclude otherwise.

The majority read *United States v. Sanchez-Villalobos*, *supra*, as containing an alternative holding that binds the Board, pursuant to our established precedents indicating that we adhere to a court of appeals interpretation of what constitutes an aggravated felony. While such a reading of *Sanchez-Villalobos,* considered alone, is not unreasonable, we believe that, in this situation, that case does not govern the outcome such that the Board is prohibited from independently resolving the issue.[2] Not only is the characterization of *Sanchez-Villalobos* as embodying an alternative holding

---

[2] Were *Sanchez-Villalobos* a clearly still viable holding, the Board would be bound to follow it in cases arising within the jurisdiction of the Fifth Circuit, in light of our historic practice of following circuit precedent as to issues on which the Board is not entitled to deference. *See Matter of Anselmo*, 20 I&N Dec. 25, 31 (BIA 1989).

undermined by a subsequent Fifth Circuit decision, the Supreme Court's intervening ruling in *Lopez* rejected the very methodology for making a "drug trafficking crime" aggravating felony determination that the *Sanchez-Villalobos* court employed in its principal holding.

We point out first that the Fifth Circuit has itself, before *Lopez*, cast substantial doubt on whether the statements in *Sanchez-Villalobos* concerning the two State drug possession question represent a holding as opposed to mere dicta. *Smith v. Gonzales*, 468 F.3d 272 (5th Cir. 2006). Therein, responding to the Government's argument that the holding in *Sanchez-Villalobos* supported its position, the court stated:

> It is far from certain that this is a correct interpretation of this opinion. In several opinions that preceded *Sanchez-Villalobos*, we arrived at our ultimate conclusion based on the law of the convicting jurisdiction, implying that the characterization of the conviction under the law of the convicting court controlled.
> The effect of Part B of *Sanchez-Villalobos* is uncertain. The conclusion of the panel in *Sanchez-Villalobos* that the state conviction was a felony is fully explainable by the conclusion reached in Part A of the decision that the conviction qualified as a felony because under state law the punishment for the offense exceeded one year.

*Smith v. Gonzales*, *supra,* at 276 n.3 (citations omitted).

Given this later decision, which serves to undercut the precedential import of *Sanchez-Villalobos*, we do not deem the Board constrained to follow that decision. Moreover, it would be odd to find that the Supreme Court, having eschewed the Fifth Circuit's interpretation of the core phrase "drug trafficking crime (as defined in section 924(c) of title 18)" as applied to nonrecidivist State drug possession offenses, the Fifth Circuit's alternative holding in *Sanchez-Villalobos* as to recidivist such convictions (even if so regarded), which set forth little if any rationale, can be said to have survived intact and unaffected. Therefore, in light of both the intervening decisions in *Smith v. Gonzales* and *Lopez v. Gonzales*, we regard the slate as having been effectively wiped clean with respect to the two State drug possession issue in the Fifth Circuit, or the waters at least sufficiently muddied that the Board is not bound by our historic practice of adhering to circuit law.[3]

### B. Merits of This Case

We shall first set forth our view, essentially in line with that of the Seventh Circuit in *United States v. Pacheco-Diaz*, *supra*, as to why the respondent's

---

[3] The majority opinion's noting of the fact that a panel of the Fifth Circuit affirmed in an unpublished, single word order a district court's holding that *Sanchez-Villalobos* was still controlling authority on the question is not sufficient to alter this conclusion. *See United States v. Castro-Coello*, 474 F. Supp. 2d 853 (S.D. Tex. 2007), *aff'd sub nom. United States v. Molina-Gonzales*, 234 Fed. Appx. 319 (5th Cir. July 17, 2007).

two State drug possession convictions constitute "drug trafficking crime" aggravated felony convictions under *Lopez v. Gonzales*, *supra*. But since much of the merits analysis consists of also showing why the competing arguments and positions of the parties and of the majority are flawed and cannot be squared with *Lopez*, we also address those arguments and positions later on and in some depth.

## 1. Position of the Concurring Opinion

Unlike the majority, we find that we are not at liberty to devise our own mode of analysis for answering the question presented by this case and conclude instead that *Lopez v. Gonzales* suggested the methodology to be employed. In *Lopez* the Court applied the hypothetical Federal felony approach[4] in the context of a State felony that would only be a Federal misdemeanor (because it was a simple possession offense). That same approach, however, logically mandates that a State illicit drug trafficking misdemeanor (and there are some)[5] would nonetheless be an aggravated felony because it would be a felony if federally prosecuted. Thus, the upshot of the approach adopted by the Court is that the penalty assigned by the State to a drug offense is irrelevant; it is the *hypothetical Federal penalty* that could be applied that counts for "drug trafficking crime" aggravated felony purposes.

Put another way, the Court in *Lopez* implicitly recognized that whether or not a State prosecuted a controlled substance offense as a misdemeanor or felony (such as would result from the application of its recidivism law if it had one) is irrelevant. Following that principle, we are of the view that under *Lopez* the result in this and similar cases would not change even if one were to assume, arguendo, that no State had a recidivist statute, general or specific, applicable to drug offenses. Even if all State drug offenses, including those committed after a first such conviction became final, remained subject to the same State penalties as for a one-time violation under State law, under *Lopez* that is neither here nor there since the dispositive issue under the Court's approach is whether a second drug possession offense *could be* a felony if federally prosecuted.

If the absence of a State's recidivism statute is thus irrelevant to a *Lopez* analysis for purposes of 21 U.S.C. § 844(a)'s felony offense involving

---

[4] We recognize that the *Lopez* opinion never used the phrase "hypothetical Federal felony" and instead referred to an "analogous" Federal felony, quoting from our decision in *Matter of Barrett*, 20 I&N Dec. 171 (BIA 1990). *See Lopez v. Gonzales*, *supra*, at 632 n.8. The two terms are, however, identical in substance and we prefer the more descriptive phrase "hypothetical Federal felony."

[5] *E.g.*, N.Y. Penal Law § 221.40 (McKinney 2007).

recidivist possession, then it follows that whether or not a State applies a recidivism statute, or has a procedural statute like that in 21 U.S.C. § 851, is likewise irrelevant. Such a latter-type statute presumes the existence of a recidivist enhancement (i.e., § 851 requires that notice be given of intent to charge the defendant as a recidivist and then gives the defendant certain rights vis-à-vis the prior conviction).[6] In short, the hypothetical Federal felony approach adopted in *Lopez* appears to mean that a second State drug possession offense, whether denominated as a misdemeanor or felony under State law (whether or not as a result of the application of a State recidivism provision), is an aggravated felony, provided only that the finality requirement in 21 U.S.C. § 844(a) is met. That is indeed the conclusion recently reached by the Seventh Circuit in *United States v. Pacheco-Diaz*, *supra*, and nothing in the majority opinion, which counsels Immigration Judges to reach the opposite conclusion where not precluded by circuit law, persuasively refutes this simple yet powerful extrapolation from the analysis employed by the Supreme Court in *Lopez*. The Seventh Circuit's determination in this regard is particularly telling because that court was one of a minority of circuits that, prior to *Lopez*, had adopted the very hypothetical Federal felony approach that the Court in *Lopez* later endorsed. Hence, on the most basic level, any position asserting the need for a recidivist prosecution *by the State* would seem to be, as the Seventh Circuit recently concluded, in conflict with the approach endorsed by the Court in *Lopez* itself.[7]

## 2. Position of the Majority Opinion

The majority opinion treats the Supreme Court's decision in *Lopez v. Gonzales* as essentially irrelevant beyond its recognition in footnote 6, quoted earlier, that *some* State recidivist drug possession offenses qualify as aggravated felonies. That is, our colleagues regard themselves as free, notwithstanding *Lopez*, to decide on the methodology to be employed in determining when a State second drug possession conviction that meets the finality requirements of 21 U.S.C. § 844(a) can qualify as a conviction for a

---

[6] Indeed, the Seventh Circuit's recent decision in *United States v. Pacheco-Diaz*, *supra*, finding that a second drug possession conviction for a crime committed after a prior such conviction had become final is a "drug trafficking crime" aggravated felony, did not even allude to 21 U.S.C. § 851, which we take to mean that the court did not find it relevant.

[7] All this calls into question what the Court may have had in mind in its somewhat Delphic footnote 6 wherein it referred to State "counterparts" to the Federal recidivist statute. That reference is explicable, consistent with the above analysis, if one finds that the Court was merely noting that in reality there are States that have recidivist provisions, not that their existence is essential or even meaningful in the ultimate aggravated felony determination.

"drug trafficking crime." As previously noted, our inability to agree with the majority's merits analysis stems from its jettisoning of *Lopez* as providing a guidepost on the methodology to be used. Thus unfettered, the majority opinion proceeds to "invent" a statute[8] by concluding that the State must at a minimum have "sought to impose punishment for a recidivist drug conviction," a prerequisite it finds is mandated primarily by *Oyler v. Boles*, 368 U.S. 448 (1962), a case that, so far as we are aware, has been cited by *no* court of appeals that has addressed this issue and was not cited by the Supreme Court in *Lopez. Matter of Carachuri-Rosendo*, 24 I&N Dec. 382, 391 (BIA 2007). On the basis of its determination that the State of Texas did not provide an adequate opportunity for the respondent to challenge whether he was a recidivist drug possessor, the majority opines that it would find in his favor if free to do so.

The majority's novel reliance on *Oyler v. Boles*, *supra*, is misplaced. That case, and lower court decisions that follow it, were rendered in the criminal context. *E.g.*, *United States v. Moore*, 208 F.3d 411 (2d Cir. 2000). Thus, their due process holding that at some point *in the criminal case*, though not necessarily before trial, a defendant must be afforded a fair opportunity to challenge his alleged status as a recidivist is limited to the criminal context. We believe that *Oyler v. Boles* does not apply where the issue, as here, is whether the respondent's second State conviction is a *hypothetical* rather than an actual Federal felony conviction and hence does not involve a defendant who was, in fact, sentenced as a recidivist. *See United States v. Williams*, 326 F.3d 535 (4th Cir. 2003) (discussed *infra* as to the significance of the phrase "punishable under" found in 18 U.S.C. § 924(c)(2), which denotes a potential rather than an actual punishment).

Moreover, even assuming arguendo the contrary, the present case arises in the immigration arena, where what is a fair opportunity to challenge whether the respondent is a recidivist, so as to comport with due process, differs. Thus, there appears no reason why the respondent's due process right *in this proceeding* was not satisfied by the opportunity he was given, and failed to avail himself of, to make such a challenge before the Immigration Judge. Immigration Judges have authority to entertain and resolve factual claims by aliens that convictions attributed to them are actually the convictions of another (for example, a person with the same name), or to introduce evidence showing that a conviction has been subsequently vacated on the merits. *See generally Matter of Pickering*, 23 I&N Dec. 621 (BIA 2003), *rev'd on other grounds*, 454 F.3d 525 (6th Cir. 2006). It is hardly revelatory to recognize that due process requirements may vary as among the criminal and immigration

---

[8] As will be evident later on, we share the view that the statute should be "invented" or rather reinvented. But that is decidedly not our function or that of the Federal courts. Rather, it is the sole province of Congress.

spheres (e.g., as to the right to appointed counsel), and that generally more process is due in the former.  Moreover, to find as we do that *Oyler v. Boles* has no application in an immigration proceeding where the question is whether an alien has a prior conviction does not violate the principle in *Leocal v. Ashcroft*, 543 U.S. 1, 11 n.8 (2004), that a statute, such as the aggravated felony provision at issue in this case, that is applicable in both the criminal and immigration contexts, must be interpreted consistently.  That principle applies with respect to the elements of the offense in the statute, not, as here, to what kinds and degree of procedural due process apply in each forum.  In short, given that the respondent had a chance to challenge whether he had a prior Texas drug conviction, as asserted by the DHS, and failed to do so, he was afforded due process.

In addition to the above, *United States v. Williams*, *supra*, supports our view that neither the applicable statutes at issue here nor due process requires compliance with State procedures governing recidivist treatment before an enhanced sentence may be imposed on, or attributed to, the defendant on the basis of prior convictions.  The court in *Williams* was construing the requirements of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (Supp. III 2003).  In rejecting the Government's argument that the statute's requirement of a conviction for an offense carrying a maximum sentence of 10 years or more could be met even if the State did not invoke its recidivism enhancement procedures for elevating the applicable sentence to 10 years, the court observed:

> A comparison between different subsections of § 924 reinforces the conclusion that the government's argument is inconsistent with the plain reading of the statute.  The definition of a 'drug trafficking crime' under 18 U.S.C. § 924(c)(2) is, in part, 'any felony punishable under the Controlled Substances Act.'  This definition, by way of the phrase 'punishable under,' includes crimes under state law which are *potentially punishable under federal law, even absent an actual federal charge or conviction.*

*United States v. Williams*, *supra*, at 541 (emphasis added); *see also United States v. Harp*, 406 F.3d 242 (4th Cir.), *cert. denied*, 546 U.S. 919 (2005).  In short, the court in *Williams*, in accord with the Seventh Circuit's decision in *United States v. Pacheco-Diaz*, *supra*, treated the phrase "punishable under" as consistent with the hypothetical felony approach later adopted by the Supreme Court in *Lopez*, as applied to the very question presented by this case, namely whether a State must invoke its recidivist procedure in order for a second offense to be found "punishable under" recidivist penalties for Federal purposes. The clear implication of the court's analysis and statement is that a different result, i.e., that the State need *not* have invoked its recidivism procedures, would have obtained if the question had been the interpretation of § 924(c), at issue here, rather than § 924(e).

One other aspect of the majority's opinion deserves mention. It asserts that States with no available recidivism laws are similar to States that lack laws criminalizing possession with intent to distribute (which it rightly observes the Court in *Lopez* treated as not having statutes constituting an aggravated felony notwithstanding that the quantity of drugs possessed would have supported a trafficking charge). *Matter of Carachuri-Rosendo*, *supra*, at 391-92 n.7. The analogy is inapt. A State law that uses quantity as a proxy for intent to distribute but that lacks an actual distribution *element* is different from the issue at hand, in terms of the hypothetical Federal felony approach that the *Lopez* Court adopted, because to find that a *second* State drug possession offense in a State lacking a recidivism statute is not an aggravated felony the majority need to assume the answer to the very question posed, i.e., whether such an offense would be a hypothetical felony under 21 U.S.C. § 844(a).

### 3. Position of the Respondent and Amicus Curiae

The respondent and amicus curiae essentially adopt the Third Circuit's view prior to *Lopez v. Gonzales* that, in order for a State simple possession offense that was committed after a prior drug conviction became final to be a "drug trafficking crime" aggravated felony, it must be shown that the second conviction was the result of a State criminal proceeding that observed procedural formalities equivalent to those required under 21 U.S.C. § 851 in a Federal proceeding, i.e., the furnishing of a pretrial "information" alleging the prior conviction, with an opportunity to challenge whether it pertains to the defendant and, if it was rendered within 5 years of the information, providing an opportunity to challenge the validity of that conviction on constitutional grounds.[9]

---

[9] *See Gerbier v. Holmes*, 280 F.3d 297 (3d Cir. 2002)*; Steele v. Blackman*, 236 F.3d 130 (3d Cir. 2001). The respondent also cites *Berhe v. Gonzales*, 464 F.3d 74 (1st Cir. 2006), as supportive. However, it is not clear that *Berhe* comports with the respondent's view. The decision may be read to hold merely that the Government failed sufficiently to show the *existence* of a prior State conviction, not necessarily that such existence must be established through evidence in the conviction record of the second conviction showing that the alien was charged as a recidivist. *See id.* at 86 ("Because the record of conviction here contains no reference to Berhe's prior conviction, or to any other factor that would hypothetically convert his 2003 state misdemeanor conviction into a felony under federal law, the Board erred by concluding that his 2003 conviction was an 'aggravated felony' under 8 U.S.C. § 1101(a)(43)."). Moreover, there is nothing in *Berhe* indicating that the court considered whether the State had a procedure like 21 U.S.C. § 851 that also allowed a defendant to raise certain constitutional challenges to the prior conviction, as opposed to merely alleging its existence for recidivist prosecution purposes. In contrast, both the respondent and the amicus here insist that in order to qualify as a "counterpart" State conviction to a felony violation of 21 U.S.C. § 844(a), a State law must embody *both* aspects.

Even assuming that the preceding argument in Part II.B.1. somehow fails to carry the day, *Lopez v. Gonzales* also dictates rejection of the respondent's and the Third Circuit's position for other reasons requiring a more complicated exposition. Contrary to the majority's position that *Lopez* is neutral as to the methodology to be employed here, we reiterate our belief that the Court in *Lopez* signaled the proper mode of analysis to be applied to the issue before us. In the course of its discussion repudiating the Government's argument that the final sentence of section 101(a)(43), under which Congress provided that the term "aggravated felony" also applies to an offense described therein "whether in violation of Federal or State law," supported its construction, the Court declared that the quoted language had other purposes than the one asserted by the Government, among them that "it confirms that a state offense whose *elements* include the *elements* of a felony punishable under the [Controlled Substances Act] is an aggravated felony." *Lopez v. Gonzales*, *supra*, at 631 (emphasis added). This statement unmistakably implies that the correct method to determine whether a State drug offense has a felony counterpart in the Controlled Substances Act is to look only to the "elements" of the State offense as charged and determine whether that same charge, assuming a Federal conviction therefor under the Controlled Substances Act, corresponds to a felony under that Act. Such a method is indeed consistent with the approach the Board originally followed. *See Matter of Barrett*, *supra*; *Matter of L-G-*, 21 I&N Dec. 89, 90-91 (BIA 1995). The approach, focusing on "elements," is both consistent with the categorical approach normally followed by the Court,[10] and functions in a manner that normally readily resolves, consistently with the holding in *Lopez*, the question whether a *single* State drug conviction qualifies as an aggravated felony conviction.[11]

However, as noted by the majority, owing to a quirk in the Court's Sixth Amendment jurisprudence, the message of *Lopez* insofar as the issue before us is concerned relating to recidivist drug possession convictions (no one of which would on its own be a drug trafficking crime) is clouded by the fact that

---

[10] *E.g., Gonzales v. Duenas-Alvarez*, 127 S. Ct. 815 (2007); *Taylor v. United States*, 495 U.S. 575 (1990).

[11] To wit, irrespective of how the State punishes the crime (i.e., even if punished as only a misdemeanor), if a single State drug offense involves a trafficking element, the conviction counts as an aggravated felony "drug trafficking crime" conviction because Federal law, 21 U.S.C. § 841 (2000 & Supp. IV 2004), subject to a single exception, 21 U.S.C. § 841(b)(4), punishes such offenses as felonies). But where the State nonrecidivist drug conviction, even if punished as a felony by the State, is for possession unaccompanied by a trafficking element (i.e., is of the type involved in *Lopez*), it does not count as an aggravated felony "drug trafficking crime" because Federal law punishes such crimes as only misdemeanors. 21 U.S.C. § 844(a).

applying the word "elements" in its literal sense would have the effect of meaning that *no* such State recidivist convictions could be so classified, contrary to the *Lopez* Court's acknowledgment in footnote 6 of "counterpart" (to 21 U.S.C. § 844(a)) State drug recidivism convictions as "clearly"constituting aggravated felonies.  For if only "elements" in this context are examined, then the felony provisions of 21 U.S.C. § 844(a) do not qualify since what elevates a recidivist drug possession conviction to felony level under that statute is not an "element" but instead a penalty enhancement based on recidivism, which the Court, for constitutional purposes, has found *not* to be an element (or more accurately the functional equivalent of an element) whose existence must be found by the trier of fact beyond a reasonable doubt. *Compare Almendarez-Torres v. United States*, 523 U.S. 224 (1998) (finding that enhancement based on recidivism need not be proved to jury beyond a reasonable doubt), *with Apprendi v. New Jersey*, 530 U.S. 466 (2000), *and Cunningham v. California*, 127 S. Ct. 856 (2007) (holding that *except for a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed maximum must be submitted to a jury and found beyond a reasonable doubt).  Notably, neither the respondent nor amicus nor the majority opinion argues for such a construction of *Lopez* whereby there would be no State "counterpart" felony recidivist offenses to those in 21 U.S.C. § 844(a), nor is such a construction reasonable or permissible in light of that decision.

Harmonizing, therefore, the Supreme Court's pronouncement in *Lopez v. Gonzales*, *supra*, at 630 n.6, as to State recidivist drug possession crimes "clearly" constituting aggravated felonies with its later statement that a "state offense whose elements include the elements of a felony punishable under the CSA is an aggravated felony," *id.* at 631, it is reasonable to conclude that the Court (which wrote the above-quoted words in the context of a State nonrecidivist felony possession case and was likely not considering them in relation to the 21 U.S.C. § 844(a) recidivist drug possession circumstance) must or would have intended that, for those recidivism situations of the type presented here, the term "elements" should be construed to include cases that fit the penalty enhancement requirements of 21 U.S.C. § 844(a) (i.e., State convictions for simple drug possession involving acts committed after a prior drug conviction has become final).

The dispositive question then, on this mode of analysis, is whether 21 U.S.C. § 851, relied on by the respondent, is also deemed an "element" of the recidivism felony violation described in 21 U.S.C. § 844(a).  The answer plainly is in the negative.  An element of an offense, the Supreme Court has found, is a "fact necessary to constitute the crime." *In re Winship*, 397 U.S. 358, 364 (1970); *see also Mullaney v. Wilbur*, 421 U.S. 684, 697-99 (1975).  Under this standard, it is evident that  21 U.S.C. § 851 cannot be regarded, by any stretch of the imagination, as an "element" of the felony violation found

in 21 U.S.C. § 844(a).  A Federal jury is not required to find compliance with § 851 beyond a reasonable doubt; indeed, such compliance is not something a Federal jury would necessarily even be apprised of.  Even the Third Circuit, which found such compliance to be required for aggravated felony status of a State recidivist conviction, acknowledged as much.  *See Steele v. Blackman*, 236 F.3d 130, 137 (3d Cir. 2001) ("While the status of being a 'one time loser' is not technically an element of the offense proscribed by § 844(a), we agree with the District Court that it can be treated as such.").[12]

The last clause in this statement is insupportable in our view in the wake of *Lopez*.  As noted, *Lopez* has indicated that whether a State drug offense is properly regarded as "described in" (*see* section 101(a)(43) of the Act, quoted earlier) the Controlled Substances Act is determined by whether its *elements* so correspond.  Our disagreement with the respondent (and with the Third Circuit) after *Lopez* stems from the fact that, aside from being "technically" a nonelement, § 851 forms no part of the "description" of the offense in § 844(a).  The separate provisions found in § 851, which apply not just to § 844(a) but throughout the Controlled Substances Act, do not relate to the *circumstances* of the conviction itself, such as whether it was committed after a prior such conviction became final as provided in § 844(a).  In this respect, § 851 is unlike penalty enhancements applicable to controlled substance convictions, whether of the *Almendarez-Torres* type found in § 844(a) (relating to recidivism) or of the type governed by *Apprendi*, such as whether the offense was committed in a protected area like a school zone or with the use of a firearm or dangerous weapon.  Instead, § 851 merely establishes a procedural hurdle that must be surmounted before higher (felony level) penalties may be imposed.  *See, e.g.*, *United States v. Severino*, 316 F.3d 939, 943 (9th Cir. 2003) ("stating that [s]ection 851 is a procedural statute").  A procedural requirement is not even a substantive one, much less one that constitutes an "element."  Hence, in some ways, this case is less difficult than the issue the Board faced in *Matter of Vasquez-Muniz*, 23 I&N Dec. 207 (BIA 2002), where the question was whether a State firearms offense punishing possession by a convicted felon was "described in" 18 U.S.C. § 922(g)(1) (referenced in section 101(a)(43)(E)) despite the fact that the State offense lacked the jurisdictional *element* relating to interstate commerce found in the Federal provision.  We concluded there that the reference in section 101(a)(43) to the incorporation of State offenses "described in" the Federal offenses enumerated in that paragraph was not intended to include purely

---

[12] This sort of ipse dixit pronouncement is echoed in the majority opinion's assertion that, despite being nonelements, *Oyler v. Boles*'s "minimal requirements governing findings of recidivism are part and parcel of what it means for a crime to be a 'recidivist' offense." *Matter of Carachuri-Rosendo*, *supra*, at 391.

"jurisdictional" elements. Here, by contrast, 21 U.S.C. § 851 under no conceivable definition can be said to constitute an "element" of § 844(a) or any other offense.

Undoubtedly, for a *Federal* defendant convicted under 21 U.S.C. § 844(a), compliance with 21 U.S.C. § 851 is mandatory in order to have a possessory offense under that statute attain felony status. *See United States v. LaBonte*, 520 U.S. 751, 754 n.1 (1997).[13] But the same is true of many procedural and substantive requirements that exist at the Federal but not the State level, some of which are of constitutional dimension, such as the rights to indictment for a felony, to a unanimous jury, and to a trial before an Article III judge. The existence of such requirements, and the fact that failure to follow them will often invalidate a conviction, does not transform them into "elements." Similarly, one can readily imagine other situations in which a State drug prosecution would be lawful under State but not Federal law, such as where the State has a longer period of limitation. Yet State convictions rendered under these circumstances nevertheless plainly qualify as aggravated felony convictions in light of the provision in section 101(a)(43), quoted earlier, alluding to coverage of an offense "described in this paragraph whether in violation of Federal or State law." *See also United States v. Harden*, 37 F.3d 595 (11th Cir. 1994). As *Lopez* makes clear, the focus in ascertaining whether a State offense is "described in this paragraph" is on the *elements* of the aggravated felony described, not on other State or Federal legal requirements that must be satisfied, however significant they may be. Furthermore, it is of no moment that, unlike the Federal constitutional and statutory provisions adverted to above, the provisions of 21 U.S.C. § 851 do not apply throughout the Federal criminal code but exist solely in relation to Federal drug prosecutions. To illustrate through another example, Congress has imposed a requirement for a prosecution under 18 U.S.C. § 3261 (2000), relating to offenses committed abroad by certain persons, that if a prosecution was or is being pursued by a foreign government for the same conduct, no prosecution under that section may be commenced unless approved personally by the Attorney General or the Deputy Attorney General (or a person acting in either capacity). 18 U.S.C. § 3261(b). Let us suppose that a like high level approval requirement existed in order to pursue a felony charge based on recidivism under 21 U.S.C. § 844(a). Notwithstanding such a hypothetical procedural restriction, it could hardly be contended that it is an element of the offense.[14]

---

[13] It is, however, well settled that noncompliance with § 851 may be harmless error. *United States v. Dodson,* 288 F.3d 153, 159, 160 & n.9 (5th Cir. 2002); *United States v. Severino*, *supra*, at 947-48; *United States v. Hill*, 142 F.3d 305, 312-13 (6th Cir. 1998).

[14] The same would be true of other, offense-specific hypothetical requirements in § 844(a), e.g., relating to the existence of an affirmative defense not found under State law. *See Dixon v. United States*, 126 S. Ct. 2437 (2006) (stating that affirmative defenses are not elements).

Therefore, we are unable to conclude that lack of compliance with the procedural requirements of § 851, even if it were the case that comparable provisions commonly existed at the State level, has the effect of disqualifying from aggravated felony status a State drug possession conviction that meets the recidivist quasi-"elements" of 21 U.S.C. § 844(a).

The respondent's claim in this respect is essentially to cherry-pick § 851 and argue that it alone must be complied with even though other equally or more important Federal requirements, both substantive and procedural, for a lawful conviction need not be, in order to determine whether a second State drug possession conviction is a "counterpart" to that described in 21 U.S.C. § 844(a). There is no logical support for this argument. Moreover, the contention has been rejected by the only Federal courts to have yet considered it post-*Lopez*, at the district court level. *See United States v. Lopez-Molina*, 494 F. Supp. 2d 517 (W.D. Tex. 2007); *United States v. Castro-Coello*, 474 F. Supp. 2d 853 (S.D. Tex. 2007), *aff'd sub nom. United States v. Molina-Gonzales*, 234 Fed. Appx. 319 (5th Cir. July 17, 2007). In sum, there is no reason to require that a State have followed *procedures* analogous to those mandated by Federal law for felony status, but which may not even exist under State law.

We repeat, moreover, that the respondent has not denied that he was the individual convicted of the prior drug possession offense nor has he raised a prima facie challenge to its validity nor denied the finality of the second conviction. Since, as noted earlier, *supra* note 13, noncompliance with § 851 may constitute harmless error, were we otherwise not inclined to reject his claim it would be appropriate to examine more closely the issue whether any alleged error in this case affected the respondent's substantial rights. *Cf. Neder v. United States*, 527 U.S. 1 (1999) (stating that even most constitutional errors can be harmless).

Having responded to the respondent's contentions predicated on noncompliance with 21 U.S.C. § 851, we must next focus on 21 U.S.C. § 844(a) itself and address the argument that, under the hypothetical Federal felony approach, the respondent's second conviction does not qualify for felony treatment, because those quasi-"elements" that serve to elevate the offense from a misdemeanor to a felony were not charged by the State of Texas. This separate but related argument has two strands. It is true that, under the hypothetical Federal felony approach, the normal method for determining whether a State controlled substance offense qualifies as a hypothetical Federal felony (or is "analogous" to a Federal felony) is to take the State offense as charged (i.e., the elements thereof) and ascertain whether a corresponding Federal offense exists at a felony level under the Controlled Substances Act. *See, e.g.*, *Matter of Davis*, *supra*, at 544 (stating that "[t]he Service correctly reads *Barrett* as requiring a comparison between the elements of the underlying . . . drug offense and a federal drug provision

referenced in 18 U.S.C. § 924(c)(2)"). If that approach were followed here, the argument runs, then the respondent would prevail because the State did not charge the respondent's second offense as a recidivist offense so that the Federal offense to which it would correspond would not be that in § 844(a)'s recidivist provision. However, the argument is flawed and proves too much.

As noted earlier, § 844(a)'s recidivist provision contains two intertwined components, one that the second offense is a controlled substance possession crime, and the other that it was committed after the conviction for the first controlled substance offense became final. It is not possible to "split the baby" by focusing solely on the existence of the first drug offense and disregarding the timing of commission of the second such offense, nor does the respondent argue for such an analysis. Some States, like Texas, have statutory provisions that allow second offenses to be charged as recidivist crimes. But no State of which we are aware has a statute that contains a timing provision that mandates, for increased punishment purposes, that the second offense must have been committed after the conviction for the first offense has become final in the same manner as is required under § 844(a).[15] Thus if both components must have been charged, in an element-like fashion by the State, then again the upshot would be that *no* State "counterparts" to 21 U.S.C. § 844(a) would exist, contrary to *Lopez*'s affirmation that there are indeed State "counterparts" to the provisions of § 844(a) and that such "counterparts" clearly constitute "drug trafficking crime" aggravated felonies.

The conclusion to be drawn from this is that, once again, owing to the peculiarity in § 844(a) that the features that elevate the grade of the offense to felony level are not true "elements," the ordinary methodology of the hypothetical Federal felony approach whereby the *elements* of a State drug offense are compared need not, indeed cannot, be applied. Rather, it appears that the analysis to be followed consists only of an after-the-fact examination by the Immigration Judge, the Board, or a Federal court whether the element-like requirements of § 844(a) *exist*, that is, whether the individual was convicted of a second or subsequent drug possession crime and whether that crime was committed after a previous such offense became final. *United States v. Pacheco-Diaz*, *supra*. On no other reading of the Act, as we see it, can life be given to the *Lopez* Court's identification of State "counterpart" offenses to 21 U.S.C. § 844(a) as "drug trafficking crimes" under section 101(a)(43)(B) of the Act.

Nor does the failure of a State prosecutor to invoke a recidivist statute that exists in his or her jurisdiction mean that the hypothetical Federal felony approach does not extend to a factually recidivist violation, because the exercise of the State prosecutor's discretion not to so charge the defendant is

---

[15] The "finality" aspect of § 844(a) goes beyond mere exhaustion of direct appeal and includes the exhaustion of direct discretionary review. *See Smith v. Gonzales*, *supra*.

(allegedly) at odds with the application of that approach to 21 U.S.C. § 844(a). This may be the strongest argument in favor of the respondent in our view, but it is insufficient.[16]  The hypothetical Federal felony approach focuses not on with what drug offense the State charged a defendant, but on whether, if federally prosecuted, that State violation *could* have been prosecuted successfully as a felony under the Controlled Substances Act.

For example, it would not prevent a State drug trafficking misdemeanor from being treated as a "drug trafficking crime" aggravated felony even if the defendant could point to a formal policy in the applicable United States Attorney's office, or even of the Attorney General, that drug-trafficking prosecutions involving the quantity of drugs trafficked by the defendant should not be pursued, and instead should be charged, if at all, only as simple possession crimes.  That is so because whether or not the Federal prosecutor *would* have prosecuted the State offense as a Federal felony is irrelevant. Under *Lopez* the pertinent inquiry is whether, looking only to the elements of the State offense as prosecuted, that offense *could* have been successfully pursued at the felony level under the Controlled Substances Act (or one of the other enumerated drug statutes in 18 U.S.C. § 924(c)).  *See United States v. Williams*, *supra*.

Translating that principle to the instant context, where we have shown that, because of the peculiarity that the recidivist requirements for felony treatment in § 844(a) are not true "elements," an adjudicator must simply look to see whether, factually, the individual incurred a prior drug conviction that had become final, it is evident that whether or not the State prosecutor elected to invoke an available recidivist provision is immaterial to the aggravated felony determination as regards a second State drug possession crime.  A Federal prosecutor presented with the elements of such an offense *could* elect to use 21 U.S.C. § 844(a) (hypothetically exercising discretion to invoke the necessary procedural prerequisites in § 851) to bring a felony prosecution, and that possibility makes the offense "analogous" to one under the Controlled Substances Act and brings the defendant's second drug possession offense within the ambit of the felony provisions of 21 U.S.C. § 844(a).  *See United States v. Pacheco-Diaz*, *supra*.

---

[16] It qualifies as the strongest argument because it is possible to imbue it with textual support from the *Lopez* decision.  That is, the contention could be made that, by referring in footnote 6 to "recidivist possession," the Court was alluding to only those offenses where the State had charged the defendant as a recidivist.  However, it appears that by so doing the Court was merely using "recidivist possession" as a shorthand expression for describing the provisions of § 844(a).  Notably, the Court in footnote 6 immediately followed its use of the phrase "recidivist possession" with a citation to 21 U.S.C. § 844(a), and nowhere mentioned § 851.  Moreover, neither § 844(a) nor § 851 uses the term "recidivist."

Finally, the respondent also makes an argument based on application of the categorical approach first announced by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990), and which the Court has also held applies in immigration proceedings. *Gonzales v. Duenas-Alvarez*, 127 S. Ct. 815 (2007). Under the categorical (and modified categorical) approach in those and other cases, it is well settled that in order to determine whether a conviction constitutes an aggravated felony under section 101(a)(43), only the record of conviction may be consulted. The respondent contends that since the record of conviction of his *second* offense does not advert to his prior conviction, it follows that, if the categorical approach is utilized (as he asserts is mandatory), the fact of the respondent's earlier conviction, coming as it does from an impermissible source, must be disregarded such that his second conviction standing alone would not be a felony if prosecuted federally. The DHS disputes that, in this context, the categorical approach must be observed, noting that in at least one other circumstance the Board has found that to do so would render nugatory one of the aggravated felonies set forth in section 101(a)(43). *See Matter of Gertsenshteyn*, 24 I&N Dec. 111 (BIA 2007); *see also Matter of Babaisakov*, 24 I&N Dec. 306 (BIA 2007) (decided after oral argument in this case).

The respondent's argument is unpersuasive. At the outset, there is an aura of unreality to the contention that consulting a record of conviction (albeit a different record from the one alleged to constitute an aggravated felony) per se contravenes the categorical approach. That approach was devised in the criminal context, *see Taylor v. United States*, *supra*; *Conteh v. Gonzales*, 461 F.3d 45, 55 (1st Cir. 2006) (noting that the categorical approach in that context is "informed by constitutional concerns" and "cannot be applied woodenly to removal cases"), as a means of determining whether the statutory *definitions* of the types of convictions designated as aggravated felonies in section 101(a)(43) of the Act are or are not met by a particular conviction, in large part in order to avoid the burdensome task of adverting to the conduct underlying a conviction and in effect having to retry some or all of the criminal case. *See also Matter of Pichardo*, 21 I&N Dec. 330, 335-36 (BIA 1996). We are unaware that the categorical approach has ever been applied, in circumstances like those here, to forbid recourse to a record of conviction, where the record of conviction consulted contains sufficient proof of the existence and nature thereof, which is where the argument of the respondent would lead.[17]

---

[17] *Cf. United States v. Snellenberger*, 493 F.3d 1015 (9th Cir. 2007) (holding that a minute order is insufficient to prove the nature of a conviction and cannot be considered under the categorical approach).

Requiring adherence to the categorical approach in these circumstances would effectively mean once again that *no* recidivist State drug possession conviction could qualify as a "drug trafficking crime" aggravated felony because the necessary element-like fact of whether the prior conviction had "become final" when the second or subsequent offense was committed cannot be ascertained from the record of conviction of the second offense, even on the assumption of the respondent that a second State conviction must also include compliance with procedures akin to 21 U.S.C. § 851. Since that is inconsistent with *Lopez*'s acknowledgment that State recidivist offenses can be aggravated felonies, it is evident that the Court did not contemplate that the ordinary categorical approach be followed to determine whether the requirements set forth in 21 U.S.C. § 844(a) for felony treatment of a recidivist conviction are met. Moreover, the Act and its regulations clearly prescribe the modes of evidence that may be used "in proving a criminal conviction" in immigration proceedings, 8 C.F.R. § 1003.41 (2007), and also allow for taking administrative notice of the contents of "official records." 8 C.F.R. § 1003.1(d)(3)(iv); *see also* section 240(c)(3)(B) of the Act, 8 U.S.C. § 1229a(c)(3)(B) (2000).[18] As the categorical approach is subject to legislative alteration, at least in the immigration context, these provide an independent basis for consulting the record of the respondent's prior conviction to determine whether the quasi-"element" found in 21 U.S.C. § 844(a) of a prior conviction that has become final before the second conviction, exists. In other words, even if, despite the views above, the categorical approach were thought generally applicable to the enhancement "elements" in § 844(a), the overriding statutory and regulatory provisions applicable to immigration proceedings would permit recourse to the record of conviction of the first conviction.

### 4. Position of the DHS

We may quickly dispose of the DHS's position as most of the issues attendant thereto have been previously addressed. The DHS in its supplemental brief modified its position from the one we find correct, namely that the pertinent inquiry is not whether an alien like the respondent was actually prosecuted as a recidivist under State law but rather whether he could have been so prosecuted as a felon under 21 U.S.C. § 844(a), to one that concedes that, where a State has a drug-statute-specific recidivist provision (but not a general recidivist statute), a State's failure to invoke that statute means that, under *Lopez*, the alien cannot be regarded as having been convicted of an aggravated felony. We have not been made privy to the reasons for this lately arrived at view, which appears to strain logic beyond the

---

[18] While the latter regulation is applicable only to the Board, case law uniformly extends the same authority to Immigration Judges whose basic function is to find facts.

breaking point. Thus, we have explained above why the hypothetical Federal felony approach does not require that a State prosecutor have invoked an available recidivism statute. If that argument is found wanting, then we fail to understand why it makes a shred of difference whether the State recidivism statute is of a general or drug-specific nature. Either the State prosecutor's choice to charge a defendant alien as a recidivist drug offender is a prerequisite to the determination under *Lopez* of aggravated felony status or it is not.

### 5. Other Issues

We add a few words about policy inasmuch as the parties and amicus all stressed the importance of such considerations. For their part, the respondent and amicus called attention to the significant purposes served by 21 U.S.C. § 851 in assuring that defendants were not found to be aggravated felons on the basis of constitutionally invalid prior State convictions, which they asserted were not infrequent at the misdemeanor level. The Third Circuit also noted this factor in reaching its conclusion prior to *Lopez. See Gerbier v. Holmes*, *supra*, at 317 ("For all that the record before the immigration judge reveals, the initial conviction may have been constitutionally impaired."). The DHS responded by noting that ordinarily aliens in removal proceedings are not permitted to collaterally challenge their convictions,[19] and by alluding to the congressional findings accompanying the Controlled Substances Act, including that found at 21 U.S.C. § 801(2) (2000) ("The illegal importation, manufacture, distribution, and *possession* and improper use of controlled substances have a substantial and detrimental effect on the health and general welfare of the American people.") (emphasis added).

The Board of course declines to consider policy matters except to the extent they may bear on the proper interpretation of an otherwise ambiguous statute as embodied in congressional findings or applicable legislative history. In the present circumstances, we have not relied on the policy considerations advanced by the respondent or amicus, or by the DHS. For, as set forth above, we believe that the issue of whether a State must comply with procedures like those found in 21 U.S.C. § 851 for a recidivist drug possession offense to be an aggravated felony is essentially governed, under *Lopez*, by recourse to the question whether the requirements of § 851 are in the nature of offense "elements." Finding them not to partake of such character, we hold that compliance therewith is not necessary.

Notwithstanding that it is not our custom to comment on the wisdom of statutes, however, we would be remiss in failing to note the bizarre results that

---

[19] *See, e.g., Taylor v. United States,* 396 F.3d 1322, 1330 (11th Cir. 2005) (citing *Zinnanti v. INS*, 651 F.2d 420 (5th Cir. 1981)); *see also Trench v. INS*, 783 F.2d 181 (10th Cir. 1986).

flow from section 101(a)(43)(B) as construed by the Supreme Court in *Lopez*. As that Court recognized, several States have no trafficking offenses and use the quantity possessed as a proxy for trafficking. In such States, a felony conviction for possession of the largest amount of a controlled substance ever found in the possession of an individual anywhere in the world, wherein the defendant received a very long or even life sentence, would nonetheless, under *Lopez*, not be an "aggravated felony" conviction.[20] In contrast, because 21 U.S.C. § 841 treats as a felony any transfer of a mixture containing the most minute detectable amount of a controlled substance even if not done for remuneration (except for small amounts of marihuana), *see* 21 U.S.C. § 841 and the definitions in 21 U.S.C. § 802 of the terms "distribute" and "deliver," a State misdemeanor conviction for transferring a tiny amount of a nonmarihuana controlled substance to a friend for no remuneration, wherein no incarcerative sentence was imposed is, under *Lopez*, a conviction for an "aggravated felony." The Supreme Court in *Lopez* cited the book *Alice in Wonderland* in rejecting the Government's interpretation of section 101(a)(43)(B). *See Lopez v. Gonzales*, *supra*, at 630 n.5. Yet certainly the statute it has left for application has some troubling and fantastical qualities.[21]

The result we have determined is required here may fairly be regarded as harsh.[22] But that is not the proper concern of an adjudicator whose function is to ascertain the meaning of a statute and then apply it. It is, however, the appropriate province of the Congress. Since the "aggravated felony" definition in section 101(a)(43)(B) affects not only immigration proceedings (which are important in their own right) but the length of Federal sentences and thus directly implicates liberty interests, we respectfully suggest that Congress may wish to reexamine the statute and attempt to arrive at a more rational formulation. In doing so, it could also, if so inclined, address the question we decide today involving State recidivist drug possession offenders.

---

[20] And would not be, under the respondent's submission, even if such a hypothetical defendant had incurred numerous huge quantity felony convictions, if the State had no procedure comparable to 21 U.S.C. § 851 or had such a procedure but declined to use it.

[21] In so observing, we do not mean to suggest that the Court was wrong in its interpretation. The Government's position likewise would have created anomalous outcomes since it would have left the "aggravated felony" determination dependent upon the vagaries of State law in classifying possession offenses as misdemeanors or felonies. Where neither plausible construction of a statute produces a sensible result, it appears appropriate that Congress reexamine its handiwork.

[22] Though not necessarily any harsher than the one alluded to above whereby a single transfer for no remuneration of a tiny amount of a controlled substance, e.g., to a family member or friend, constitutes an aggravated felony.

## III.  CONCLUSION

Under 21 U.S.C. § 844(a), an offense involving the simple possession of a controlled substance is a felony punishable by up to 2 years' imprisonment if committed after a prior drug conviction became final.  *See* 21 U.S.C. §§ 802(13), (44) (2000 & Supp. IV 2004); 18 U.S.C. § 3559(a) (2000).  As there is no challenge to the finality of the respondent's second conviction or to the existence of the first, pursuant to *Lopez v. Gonzales*, *supra*, that latter conviction therefore qualifies as a conviction for a "drug trafficking crime" under 18 U.S.C. § 924(c)(2) and, by extension, an aggravated felony under section 101(a)(43)(B) of the Act, as it would be analogous to an offense punishable as a felony under the Federal drug laws, notwithstanding that the State did not use procedures like those found in 21 U.S.C. § 851 applicable in the Federal sphere.  Accordingly, as the respondent could have been punished for a felony under the recidivist possession portion of 21 U.S.C. § 844(a), the record reflects that he has been convicted of an aggravated felony.  As he remains statutorily ineligible for relief from removal, there is no need to address the remaining arguments presented on appeal.

*CONCURRING OPINION*:  Frederick D. Hess, Board Member

I respectfully concur in the majority's determination that the respondent has been convicted of an aggravated felony under section 101(a)(43)(B) of the Act, 8 U.S.C. § 1101(a)(43)(B) (2000).  I believe this case is fully controlled by the decision of the United States Court of Appeals for the Fifth Circuit in *United States v. Sanchez-Villalobos*, 412 F.3d 572 (5th Cir. 2005).  As that case mandates this result, I do not believe that the other issues raised in this decision need to be addressed at this time.  Were those issues properly before us, however, I would espouse the analytical approach set forth in the concurring opinion of Board Member Pauley.