# In re Boris Izraylovich GERTSENSHTEYN, Respondent

File A71 147 243 - New York

*Decided March 14, 2007*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) The categorical approach to determining whether a criminal offense satisfies a particular ground of removal does not apply to the inquiry whether a violation of 18 U.S.C. § 2422(a) was committed for "commercial advantage" and thus qualifies as an aggravated felony under section 101(a)(43)(K)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(K)(ii) (2000), where "commercial advantage" is not an element of the offense and the evidence relating to that issue is not ordinarily likely to be found in the record of conviction.

(2) The respondent's offense was committed for "commercial advantage" where it was evident from the record of proceeding, including the respondent's testimony, that he knew that his employment activity was designed to create a profit for the prostitution business for which he worked.

FOR RESPONDENT: Jesse Lloyd, Esquire, New York, New York

BEFORE:   Board Panel: FILPPU and PAULEY, Board Members. O'LEARY, Temporary Board Member

PAULEY, Board Member:

This case is before us on remand from the United States Court of Appeals for the Second Circuit. In our prior order of July 5, 2005, which was vacated by the court, we agreed with the Immigration Judge's conclusion that the respondent's July 30, 2001, conviction for the offense of conspiracy to entice individuals to travel in interstate and foreign commerce to engage in prostitution in violation of 18 U.S.C. § 2422(a) constituted an aggravated felony conviction under section 101(a)(43)(K)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(K)(ii) (2000). In doing so, we found that the respondent's actions leading to his conviction reflected that his offense was "committed for commercial advantage." The respondent's appeal will again be dismissed.

In its remand, the Second Circuit directed us to specifically address "whether the 'categorical approach' to determining whether a criminal offense satisfies a particular ground of removal . . . applies to the inquiry as to whether a violation of 18 U.S.C. § 2422(a) meets the aggravated felony definition

under INA 101(a)(43)(K)(ii)." Additionally, we have been directed to determine whether information beyond the record of conviction may be relied upon in determining whether the respondent's violation of 18 U.S.C. § 2422(a) was for "commercial advantage." Both parties were given an opportunity to file additional submissions.

The respondent is charged with being removable under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2000), as an "alien who is convicted of an aggravated felony at any time after admission." The precise aggravated felony charge arises under section 101(a)(43)(K)(ii) of the Act, which provides:

> The term "aggravated felony" means—
>   (K) an offense that—
>
>     . . .
>     (ii) is described in section 2421, 2422, or 2423 of title 18, United States Code (relating to transportation for the purpose of prostitution) if committed for commercial advantage . . . .

The respondent's removability depends on two separate but related determinations. First, he must have been convicted of an offense described in 18 U.S.C. § 2421, 2422, or 2423. Second, the offense must have been "committed for commercial advantage." The first determination, requiring a qualifying conviction, must be made by reference to the record of conviction alone. The second determination, as we understand the statute, may also involve an inquiry into the conduct underlying the offense and not just focus on the statutory elements of the crime. We therefore conclude, for the reasons subsequently set forth, that whether the offense was "committed for commercial advantage" may be proved by any evidence, including evidence outside the record of conviction.

In *Matter of Pichardo*, 21 I&N Dec. 330 (BIA 1996), we explained, in the "firearms" offense context, the distinction between a crime that may have been "committed" by an alien and the crime of which the alien was actually "convicted." When the statute directs a focus on an alien's conviction, as opposed to his or her conduct or behavior, we have long restricted the inquiry to evidence in the "record of conviction," an approach that parallels that outlined in *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005). *E.g.*, *Matter of S-*, 2 I&N Dec. 353, 357-58 (BIA, A.G. 1945) (explaining, in the context of a crime involving moral turpitude, that the record of conviction may be consulted when considering a "divisible" statute, and outlining what today would be termed a "modified categorical approach"); *see also Gonzales v. Duenas-Alvarez*, 127 S. Ct. 815 (2007) (referencing the "categorical" and

"modified categorical" approaches in the context of an aggravated felony "theft" offense).[1]

The ground of removal charged against the respondent requires a focus on a "conviction" for an aggravated felony, which is alleged to be his conviction under 18 U.S.C. § 2422(a). This criminal statute, however, does not have as a requirement that the crime be committed for "commercial advantage."[2] The absence of a "commercial advantage" element in the criminal statute means that the respondent would not be removable if our inquiry were limited to an assessment of what the criminal trier of fact was required to find in order to convict the respondent. Indeed, the above-cited court decisions all focus on the elements that necessarily were found by either a jury or a sentencing judge in the course of a determination of guilt. Our own body of administrative case law, exemplified by *Matter of Pichardo*, *supra*, and *Matter of S-*, *supra*, similarly focuses on the elements of a criminal statute when the question is the nature of the "conviction" sustained by the alien.

The question before us, then, becomes the import of the requirement in section 101(a)(43)(K)(ii) of the Act that the offense be "committed for commercial advantage." An examination of the criminal statutes enumerated in the aggravated felony provision clarifies any possible ambiguity as to whether that language references an "element" of the crime or more general behavior associated with the underlying criminal conduct. In 1996, when section 101(a)(43)(K)(ii) was enacted by section 440(e) of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132,

---

[1] We note that the Supreme Court's recent decision in *Gonzales v. Duenas-Alvarez*, *supra*, is the only one of the above trilogy of decisions of the Court to have applied the categorical approach in the immigration context, and that no decision of the Court has ever addressed whether the approach extends to an aspect of an aggravated felony that goes beyond ascertaining the crime of which the defendant was convicted. Furthermore, while the courts of appeals have "uniformly" applied some version of the categorical approach developed in *Taylor v. United States*, *supra*, in applying the aggravated felony definition in immigration cases, *see Gonzales v. Duenas-Alvarez*, *supra*, at 818, variations exist among the circuits as to exactly how that approach is administered. In this case, we need not explore whether the categorical and modified categorical approaches, which were developed in the criminal case context, are fully portable into the immigration arena. *See, e.g.*, *Conteh v. Gonzales*, 461 F.3d 45, 55 (1st Cir. 2006) ("[W]e decline the invitation to transplant the categorical approach root and branch–without any modification whatever–into the civil removal context.").

[2] In relevant part, 18 U.S.C. § 2422(a) (2000) provides:

Whoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate or foreign commerce, or in any Territory or Possession of the United States, to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be . . . imprisoned . . . .

110 Stat. 1214, 1277-78 ("AEDPA"),[3] none of the offenses in 18 U.S.C. §§ 2421, 2422(b), and 2423 required that the crime be committed for commercial advantage.[4] Moreover, by clarifying in a later amendment that the aggravated felony offense must have been "committed" for commercial advantage, *see supra* note 4, Congress clearly intended that the circumstances of the particular crime would be considered.

We find that where Congress has defined an aggravated felony to include a component (e.g., "commercial advantage") that is neither an element of the underlying offense nor a basis for a sentence enhancement, and thus would not normally be alleged in a criminal charging instrument, it would defeat the statute to require the application of the categorical (or modified categorical) approach, in which only the statute itself and the limited materials constituting the record of conviction may be consulted.[5] Applying the categorical or modified categorical approach would effectively have rendered section 101(a)(43)(K)(ii) a nullity prior to 2003 and would give it extremely limited scope today.

We also predicate our holding on our general understanding of the structure of the aggravated felony provision as a whole. In its various amendments to the aggravated felony definition, Congress has expanded the scope of crimes deemed to qualify as aggravated felonies, but has frequently included requirements that extend beyond the elements of the offenses. Perhaps the most common additional requirement pertains to the length of the sentence given for the conviction. The sentence handed out for a crime is not an "element" that must be proved to establish guilt. While the length of sentence can readily be ascertained from the criminal judgment and sentencing papers, it is an aspect of the criminal case that arises following a conviction, not preceding it. In this respect, the length of sentence requirement associated, for example, with a "theft" offense distinguishes aggravated felony theft convictions from lesser theft convictions that did not result in a qualifying sentence. To the extent that they are employed, these "length of sentence"

_____

[3] Our prior order mistakenly stated that the provision was added by section 321 of the Illegal Immigration and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-627 ("IIRIRA"). In fact, IIRIRA made a clarifying correction that added the words "if committed" before the phrase "for commercial advantage."

[4] In 2003, Congress added an offense, codified at 18 U.S.C. § 2423(d), that now requires that the crime be committed "for the purpose of commercial advantage or private financial gain." That circumstance, however, is irrelevant in determining congressional intent in 1996 when the section 101(a)(43)(K)(ii) aggravated felony provision was enacted. Moreover, six out of the seven offenses referenced in 18 U.S.C. §§ 2421, 2422, and 2423 still lack an element requiring a showing of "commercial advantage."

[5] A criminal charging document would be very unlikely to allege, and a plea colloquy very unlikely to explore, a "commercial advantage" purpose for an offense under 18 U.S.C. § 2422, because it is not an element of the crime, and the applicable sentencing guideline contains no enhancement if such a purpose is shown.

provisions are the "aggravating" factors that distinguish ordinary crimes from the more serious "aggravated felonies" of the same general character.

We understand the "commercial advantage" requirement at issue to operate in the same manner. In 1996, it was not an element of any of the crimes enumerated in section 101(a)(43)(K)(ii), but it is a factor that helps to set apart lesser offenses from more serious ones. Not all convictions under 18 U.S.C. § 2422 qualify as aggravated felonies. But the ones that were "committed for commercial advantage" do qualify. The main difference, though not necessarily an inconsequential one, between this "commercial advantage" restriction and "length of sentence" restrictions is that only the latter can readily be ascertained by consulting conviction records. In order to give life to the "commercial advantage" restriction, the parties must be able to offer evidence outside the strict confines of the record of conviction, although on occasion it may be possible to convincingly deduce commercial advantage from some conviction records, such as those describing extensive conspiracies and criminal business enterprises.[6]

In sum, section 101(a)(43)(K)(ii) of the Act is composed of two separate and distinct conditions. First, the offense must be "described in section 2421, 2422, or 2423 of title 18, United States Code (relating to transportation for the purpose of prostitution)." As to this condition, the categorical and modified categorical approaches to "convictions" apply.[7] Second, the offense must be "committed for commercial advantage." In determining whether the offense was committed for "commercial advantage," it is certainly appropriate for an Immigration Judge to consider the record of conviction, but the inquiry is not restricted to the "elements" needed for conviction. In addition, the Immigration Judge may consider the presentence report, the respondent's own

---

[6] The particular aggravated felony provision before us may be a difficult provision to apply in the criminal sentence enhancement context as a result of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny. But it is capable of application in the removal context. And Congress cannot be charged with anticipating these Supreme Court rulings at the time the section 101(a)(43)(K)(ii) aggravated felony provision was added to the statute.

[7] We recognize that this also includes State and foreign offenses that are comparable (save for jurisdictional aspects) to those Federal offenses. *See* section 101(a)(43) of the Act ("The term ['aggravated felony'] applies to an offense described in this paragraph whether in violation of Federal or State law and applies to such an offense in violation of the law of a foreign country for which the term of imprisonment was completed within the previous 15 years.").

admissions, and any other relevant evidence pertaining to aspects of the criminal conviction.[8]  Otherwise, section 101(a)(43)(K)(ii) of the Act would be rendered of little or no effect, because virtually no individual convicted under 18 U.S.C. §§ 2421, 2422, or 2423 could be ordered removed without examining the underlying nature of the offense to determine whether the crime was committed for a commercial advantage.

Although some burden to the system may result from the inapplicability of the categorical approach in this instance, we believe such burden to be minor. *Cf. Matter of Pichardo*, *supra*, at 336.  In any case, we find that it is necessary in order to give effect to the inclusion by Congress of the provision requiring a determination whether an alien's purpose in committing a section 101(a)(43)(K)(ii) offense was to gain "commercial advantage," a determination that is not ordinarily subject to ascertainment through a categorical approach analysis.[9]

We therefore properly look beyond the record of conviction in this case to determine whether the respondent's criminal offense was committed for a "commercial advantage."  The evidence of record, including the respondent's testimony, reflects that he knew that his employment activity was designed to create a profit for the prostitution business for which he worked.  That activity included placing clients with prostitutes, collecting payment from the prostitutes, answering telephones, instructing prostitutes as to the decorum to be observed with clients, and placing advertisements in the local press.  In considering all the evidence before us, we see no reason to alter our

---

[8]  This is much in the same manner that the Board renders its decisions as to whether an offense is a "particularly serious crime" for purposes of the bar to asylum and withholding of removal in sections 208(b)(2)(A)(ii) and 241(b)(3)(B)(ii) of the Act, 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii) (2000). *See Matter of Frentescu*, 18 I&N Dec. 244, 247 (BIA 1982) ("In judging the seriousness of a crime, we look to such factors as . . . the circumstances and underlying facts of the conviction . . . ."); *see also Matter of Y-L-, A-G-, & R-S-R-*, 23 I&N Dec. 270 (A.G. 2002).

[9]  We emphasize that our holding today is limited to the section 101(a)(43)(K)(ii) aggravated felony definition on which we were specifically asked to opine. We have no occasion in this case to address whether the categorical or modified categorical approach is required or prudentially appropriate with respect to establishing removability predicated on other aggravated felony offenses. We are aware that some courts have held that the constraints imposed by the categorical and modified categorical approach must be followed as to the nonoffense-element aspects of other aggravated felony or removal provisions. *E.g.*, *Conteh v. Gonzales*, *supra* (as to ascertaining the more than $10,000 loss amount from a fraud offense required under section 101(a)(43)(M)(i) of the Act); *Tokatly v. Ashcroft*, 371 F.3d 613 (9th Cir. 2004) (regarding proof of the "domestic" nature of the victim under section 237(a)(2)(E)(i)).

conclusion that the respondent's crime was committed for "commercial advantage."[10]  Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[10] In our decision, we rejected the respondent's contention that the evidence did not show that he acted "for commercial advantage," as opposed to "for private financial gain." *Compare* 18 U.S.C. § 2423(d) *and* section 274(a)(1)(B)(i) of the Act, 8 U.S.C. § 1324(a)(1)(B)(i) (2000), *with* section 101(a)(43)(K)(ii) of the Act.  Contrary to the respondent's argument, we do not find that our interpretation of "commercial advantage" renders this term coterminous with "private financial gain."  The latter would exist in a situation where the alien committed the offense, not as part of an ongoing business, but, for example, as a one-time act because he needed money.  In the instant case, the respondent committed his offense in order to further the commercial advantage of the business by which he was employed.