United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 06-60020

CARVILL ARTHUR SMITH,

Petitioner,

VERSUS

ALBERTO R. GONZALES, UNITED STATES ATTORNEY GENERAL,

Respondent.

On Petition for Review of a Final Order of the Board of
Immigration Appeals
A42 161 728

Before JOLLY, DAVIS and BENAVIDES, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge.

In this appeal, Smith challenges a Board of Immigration
Appeals ("BIA") order dismissing his appeal from an Immigration
Judge ("IJ") order denying Smith's application for the
discretionary relief of cancellation of removal. The BIA concluded
that Smith was ineligible for this discretionary relief because he
had been convicted of an "aggravated felony" under the Immigration
and Nationalization Act ("INA"). Because we disagree that the

conviction qualifies as an "aggravated felony," we vacate the BIA order and remand this case to the BIA for further proceedings.

I.

Smith entered the United States in 1990 and lived in the New York area until October 2004. In 2004, Smith was convicted of two misdemeanor marijuana offenses under New York State law, one in March ("March 2004 conviction") and the other in October ("October 2004 conviction"). The offenses are classified under New York law as class A misdemeanors with a maximum sentence of one year. See N.Y. Penal Law §§ 221.40 and 70.15. The Department of Homeland Security ("DHS") initiated removal proceedings against Smith on the basis of the March 2004 conviction. The IJ found Smith removable as an alien convicted of a controlled substance violation and an "aggravated felony" as defined in the INA. The BIA then vacated and remanded the case to the IJ with instructions to determine whether Smith's conviction constitutes "illicit trafficking" or a "drug trafficking crime" as defined in 18 U.S.C. § 924(c).[1]

In the remanded proceedings, Smith submitted an application for cancellation of removal for permanent resident aliens. However, this discretionary relief is not available if the

---

[1] An "aggravated felony" is defined under 8 U.S.C. § 1101(a)(43)(B) as "illicit trafficking," including a "drug trafficking crime."

individual is found to have been convicted of an "aggravated felony" (which includes a drug trafficking crime as defined in 18 U.S.C. § 924(c)). See 8 U.S.C. §§ 1229b(a)(3) and 1101(a)(43)(B). After determining that Smith's conviction did not constitute "illicit trafficking" within the meaning of 8 U.S.C. § 1101(a)(43)(B), the IJ performed a cancellation of removal analysis. The IJ concluded that "unusual and outstanding equities" weighed in favor of cancellation of removal.

However, this did not end the matter. In his application for cancellation of removal, Smith admitted that, in addition to his March 2004 conviction, he was convicted in October 2004 for the criminal sale of marijuana in the fourth degree. On the basis of this admission, DHS sought to block the cancellation by arguing that, although Smith's first conviction constituted only a misdemeanor under federal law, his October 2004 conviction, even if only a state misdemeanor, was punishable under Section 844(a) of the Controlled Substances Act ("CSA") as a felony. See 21 U.S.C. § 844(a). According to the government, since the offense would be considered a felony had he been prosecuted under federal law, the conviction constituted a "drug trafficking crime" under § 924(c) and an "aggravated felony" under the INA. The IJ agreed with this argument and concluded that the October 2004 conviction rendered Smith ineligible for the discretionary relief of cancellation of removal. The BIA dismissed the appeal from the order of the IJ and this appeal followed.

3

II.

Removability is conceded in this case and the only issue presented in this appeal is whether the BIA correctly concluded that Smith, a lawful permanent resident, is ineligible for the discretionary relief of cancellation of removal. The answer to this question in turn depends on the correctness of the BIA's conclusion that Smith had been convicted of an "aggravated felony" as defined in 8 U.S.C. § 1101. "Aggravated felony" is defined as including "a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). "Drug trafficking crime" is defined in 18 U.S.C. § 924(c)(2) as "any felony punishable under the Controlled Substances Act," 21 U.S.C. § 901 et seq, (or one of the other two enumerated statutes). The CSA defines a "felony" as "any federal or state offense classified by applicable federal or state law as a felony." 21 U.S.C. § 802(13).

The recently amended 8 U.S.C. § 1252(a)(2)(D) makes it clear that this court has jurisdiction to review BIA determinations of questions of law. The determination of whether an offense is an "aggravated felony" within the INA as well as the interpretation of "drug trafficking crime" as defined in 18 U.S.C. § 924 are issues of law that we review *de novo*.

The government argues that the October 2004 conviction, is a drug trafficking crime because it is a felony punishable under the CSA. Petitioner does not dispute that his offense is punishable

4

under the CSA but contends that it is not a felony under that Act because it is not a "federal or state offense classified by applicable federal or state law as a felony." 21 U.S.C. § 802(13). Since the October 2004 conviction was obtained under New York law, the petitioner argues that the "applicable" law is the convicting jurisdiction of New York and under New York law this conviction is not classified as a felony. The government argues that the "applicable" law is federal law and that if petitioner had been convicted of the October 2004 offense under 21 U.S.C. § 844(a), he would have faced a possible sentence of more than one year.[2] Therefore, according to the government, the conviction under the analogous federal statute would constitute a "felony" and a "drug trafficking crime."

The government points out that the issue presented in this appeal has just been argued before the United States Supreme Court in the consolidated cases of Lopez v. Gonzales, 417 F.3d 934 (8th Cir. 2005), cert. granted 126 S. Ct. 1651, 164 L.Ed.2d 395 (U.S. Apr. 3, 2006); and U.S. v. Toledo Flores, 149 Fed.Appx. 241 (5th Cir. 2005), cert. granted 126 S. Ct. 1652, 164 L.Ed.2d 395 (U.S. Apr. 3, 2006), and we should defer our ruling pending a decision in that case. In Lopez and Toledo-Flores, the government argued that

---

[2]The government relies on the recidivist sentencing enhancement provision in 21 U.S.C. § 844(a) in support of this argument. The government argues that Smith could have been sentenced to a maximum of two years for his October 2004 offense because of his prior conviction for a drug offense in March 2004.

5

a state drug conviction for an offense encompassing conduct within the CSA is only a drug trafficking crime if the law of the convicting jurisdiction authorizes punishment as a felony as defined by 18 U.S.C. § 3559 (imprisonment in excess of one year). Contrary to its argument in Lopez and Toledo-Flores, the government in this case argues that Smith must be regarded as an alien convicted of a felony based on his October 2004 conviction even though that conviction would not carry a punishment in excess of one year under New York law. The government argues that the New York conviction is a felony because if it had been prosecuted under federal law, the punishment would have exceeded one year, constituting a felony under the CSA. See Gerbier v. Holmes, 280 F.3d 297, 308 (3d Cir. 2002); Aquirre v. INS, 79 F.3d 315 (2d Cir. 1996); Cazarez-Gutierrez v. Ashcroft, 382 F.3d 905 (9th Cir. 2004). The government contends that our recent decision in U.S. v. Sanchez-Villalobos, 412 F.3d 572 (5th Cir. 2005), supports this argument.[3]

---

[3] It is far from certain that this is a correct interpretation of this opinion. In several opinions that preceded Sanchez-Villalobos, we arrived at our ultimate conclusion based on the law of the convicting jurisdiction, implying that the characterization of the conviction under the law of the convicting court controlled. See U.S. v. Hernandez-Avalos, 251 F.3d 505 (5th Cir. 2001); U.S. v. Hinojosa-Lopez, 130 F.3d 691 (5th Cir. 1997).

The effect of Part B in Sanchez-Villalobos is uncertain. The conclusion of the panel in Sanchez-Villalobos that the state conviction was a felony is fully explainable by the conclusion reached in Part A of the decision that the conviction qualified as a felony because under state law the punishment for the offense exceeded one year.

We need not accept the government's invitation to await the Supreme Court's ruling in <u>Lopez</u> and <u>Toledo-Flores</u> because, even assuming that the government's approach is correct, we conclude that Smith's October 2004 conviction does not qualify as a felony under federal law.

A violation of 21 U.S.C. § 844(a), the federal statute analogous to Smith's offense, is generally punishable only as a misdemeanor under federal law. 21 U.S.C. § 844(a) provides in pertinent part:

> It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this subchapter or subchapter II of this chapter . . . . Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year, and shall be fined a minimum of $1,000, or both, except that if he commits such offense after a prior conviction under this subchapter or subchapter II of this chapter, or a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years.

Thus, it is only when a person violates § 844(a) after a prior conviction for a controlled substance violation has become final that the offender may be sentenced under the statute's recidivist sentencing enhancement provision for a period in excess of one year, elevating the offense to that of a felony. The BIA reasoned that following his March 2004 conviction, Smith's October 2004 offense was punishable as a felony under the recidivist sentencing

7

enhancement provision of 21 U.S.C. § 844(a). However, under § 844(a), the enhancement only applies if he "commits such offense after a prior conviction . . . for any drug . . . offense, chargeable under the law of any state, has become final." 21 U.S.C. § 844(a) (emphasis added). For reasons stated below, we conclude that the March 2004 conviction was not final at the time the October 2004 offense was committed and therefore the recidivist provision has no application.

Under New York law, Smith had 30 days from the March 2004 conviction to file a direct appeal. See N.Y. Crim. Proc. § 460.10. Thereafter, Smith had a period of one year in which to seek discretionary review of his March 2004 conviction. See N.Y. Crim. Proc. § 460.30. Thus, when Smith committed the October 2004 offense, his time for filing a direct appeal had expired but he had several months left within which to seek discretionary review.

We agree with the BIA that "because the meaning of the phrase 'drug trafficking crime' in 18 U.S.C. § 924(c)(2) is a matter of federal criminal law," we should defer to the interpretation given that statute by the federal circuit courts of appeal that have spoken on that issue. In re: Yanez-Garcia, 23 I. & N. Dec. 390, 396 (BIA 2002). This is consistent with our own case law. See Hernandez-Avalos, 251 F.3d at 508 n.2.

Although we have not specifically determined the meaning of the term "final" in § 844(a), we have defined the term in two analogous provisions of the CSA. In U.S. v. Morales, 854 F.2d 65

8

(5th Cir. 1988), this court addressed the question of whether a sentence imposed under federal law could be enhanced based on a prior state conviction. This question in turn depended upon whether the state conviction was final. We considered whether this question was governed by state or federal law and concluded that federal law controlled. Morales, 854 F.2d at 68. We further concluded that the meaning of the term "final" as used in § 841(b)(1)(B) of the CSA was as follows: "[T]he final conviction language of 841(b)(1)(B) applies to a conviction which is no longer subject to examination on direct appeal, including an application for certiorari to the United States Supreme Court, either because of disposition on appeal and conclusion of the appellate process or because of the passage, without action, of the time for seeking appellate review." Id. at 69 (emphasis added); see also U.S. v. Vasquez, 298 F.3d 354, 359 (5th Cir. 2002).

Our cases make it clear that a judgment is not final within the meaning of the CSA until the time for seeking discretionary review of the conviction has elapsed. We see no basis to distinguish the delay for seeking discretionary review to the New York intermediate appellate court from the time required for seeking discretionary review in a writ of certiorari to the United States Supreme Court. Because Smith had approximately six months remaining in which to seek review of the March 2004 conviction at the time he committed the October 2004 offense, his March 2004 conviction was not final and therefore the sentence for the October

9

2004 offense was not subject to enhancement based on a prior final conviction.

In summary, neither the March 2004 offense nor the October 2004 offense could be punished as a felony under either state law or federal law and neither offense qualified as a drug trafficking crime. Smith's convictions therefore do not constitute aggravated felonies, making him eligible for consideration for the discretionary relief of cancellation of removal. Accordingly, the order of the BIA dismissing the petition for discretionary relief is vacated and this case is remanded to the BIA for consideration of Smith's claim for discretionary relief.

VACATED and REMANDED.