# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2007**

Charles R. Fulbruge III
Clerk

No. 06-50316
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

IVAN EDUARDO ROLDAN-OLIVARES

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:05-CR-154

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Ivan Eduardo Roldan-Olivares pleaded guilty to illegal reentry into the United States after deportation in violation of 8 U.S.C. § 1326. He appeals the sentence imposed by the district court, arguing that the district court erred in holding that his prior California conviction for possession of a controlled substance was an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C) in view of Lopez v. Gonzales, 127 S. Ct. 625 (2006). Because Roldan-Olivares did not raise

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this issue in the district court, review is limited to plain error. United States v. Walker, 410 F.3d 754, 759 (5th Cir. 2005). This court may correct a forfeited error only when the appellant shows: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. United States v. Olano, 507 U.S. 725, 731-37 (1993). The error must be clear or obvious under current law at the time of the appeal. United States v. Salinas, 480 F.3d 750, 756 (5th Cir. 2007). If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Olano, 507 U.S. at 735-36.

The Government argues that because Roldan-Olivares had two prior convictions for possession of controlled substances, his second conviction constituted recidivist possession under 21 U.S.C. § 844(a) and an "aggravated felony" as defined by 8 U.S.C. § 1001(a)(43)(B). The Government argues that because Roldan-Olivares's second prior possession conviction was an aggravated felony, the district court did not err in increasing his offense level by eight levels pursuant to § 2L1.2(b)(1)(C).

Roldan-Olivares was arrested for possession of a narcotic controlled substance on July 1, 1983 and convicted of this offense on February 11, 1985. On October 10, 1984, he was again arrested for possession of a narcotic controlled substance and was convicted of the second offense on October 31, 1984. Prior to Lopez, this court held that "it is only when a person violates § 844(a) after a prior conviction for a controlled substance violation has become final that the offender may be sentenced under the statute's recidivist sentencing enhancement provisions for a period in excess of one year, elevating the offense to that of a felony." Smith v. Gonzales, 468 F.3d 272, 277 (5th Cir. 2006). At the time that Roldan-Olivares committed the second possession offense on October 10, 1984, he had not yet been convicted of the first offense.

Because Roldan-Olivares's first possession conviction had not yet occurred -- much less become final -- at that time that he committed the second possession offense, he could not have been sentenced under the recidivist sentencing enhancement provision of § 844(a) for the second possession offense. See Smith, 468 F.3d at 277. Under Lopez, Roldan-Olivares's second state conviction for simple possession of a controlled substance was not an "aggravated felony." Lopez, 127 S. Ct. at 630-33; see United States v. Estrada-Mendoza, 475 F.3d at 258, 260-61 (5th Cir.), cert. denied, 127 S. Ct. 1845 (2007). Therefore, the district court erred in enhancing Roldan-Olivares's sentence by eight levels pursuant to § 2L1.2(b)(1)(C) based on his prior possession conviction. The error is clear or obvious under the law in effect at the time of this appeal. See Salinas, 480 F.3d at 756. Without the enhancement under § 2L1.2(b)(1)(C), his offense level would have been 5 and his guidelines range would have been one to seven months. See U.S.S.G. Ch. 5, Pt. A. Therefore, the error affected Roldan-Olivares's substantial rights. See Olano, 507 U.S. at 731-37. Because the error resulted in an increase in Roldan-Olivares's sentence, the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. See id. at 735-36. Accordingly, Roldan-Olivares's SENTENCE is VACATED and the case is REMANDED for resentencing in view of Lopez.