**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2009

Charles R. Fulbruge III
Clerk

No. 08-41337

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO DE JESUS RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CR-697-ALL

Before REAVLEY, JOLLY, WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Francisco De Jesus Rodriguez ("Rodriguez") pleaded guilty to being found unlawfully in the United States after deportation and following a conviction for an aggravated felony. The pre-sentence investigation report ("PSR") included a base level offense of eight, which was increased by eight to 16 because Rodriguez had two prior felony drug convictions. The United States Sentencing Guidelines ("U.S.S.G.") yielded a recommended sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

range of 33 to 41 months. The district court sentenced Rodriguez to a 33 month term of imprisonment.

Rodriguez appeals his term of imprisonment, contending that the district court committed reversible error by treating the second of his prior possession convictions as an aggravated felony. Specifically, he argues that the government failed to prove that (1) the offense underlying the first such conviction had become final by the time that he committed the second such offense; and (2) the second prior possession conviction was secured in compliance with procedural requirements.

## I. FACTS AND PROCEEDINGS

### A. Facts

In June 2008, Rodriguez was charged by indictment with violating 8 U.S.C. § 1326(b) for being found in the United States following deportation without having obtained the consent of the Attorney General to re-apply for admission. Days later, and without a plea agreement, Rodriguez pleaded guilty in district court.

The PSR included a base offense level of eight, which was enhanced another eight levels on the ground that Rodriguez had been convicted of two prior state drug possession convictions, qualifying the second as an "aggravated felony." The Probation Office reached this enhancement by concluding that the second conviction for simple possession was a "felony" under the recidivist clause of 21 U.S.C. § 844 ("§ 844"), and was therefore "drug trafficking" and thus an "aggravated" felony under 8 U.S.C. § 1101(a)(43)(B) and U.S.S.G. § 2L1.2(b)(1)(C). The PSR recommended reducing this enhanced level of sixteen by three for acceptance of responsibility. In combination with Rodriguez's Criminal History Category of VI, this offense level of 13 yielded a sentence range of 33 to 41 months imprisonment.

### B. Proceedings

At his sentencing hearing, Rodriguez objected to the PSR's eight-level enhancement for his second prior drug possession conviction, contending that it was not an "aggravated felony" under U.S. S.G. § 2L1.2(b)(1)(C) because his first prior conviction was "not final" for § 844(a) purposes; Rodriguez asserted that the enhancement level should have been four and not eight.

In the face of this objection to the PSR, the government offered, without objection, the state court indictments and judgments for both prior drug convictions. The district court overruled Rodriguez's objection and held that the two prior convictions qualified the sentence "for an enhancement of eight levels given the nature and timing of those convictions." After, the court sentenced Rodriguez to a term of 33 months in prison, a three-year period of supervised release, and a $100 special assessment, he timely filed a notice of appeal.

Rodriguez bases the appeal of his sentence on two grounds. First, he insists that the second of his possession convictions should not have been deemed an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C) because the government had not borne its burden of proving that his second possession offense was committed after his first possession conviction had become final. Second, he asserted that the government failed to prove that the second conviction was secured in compliance with 21 U.S.C. § 851.

## II. STANDARD OF REVIEW

"[W]hen a district court has imposed a sentence under the [Sentencing] Guidelines, this court continues after *Booker* to review the district court's interpretation and application of the Guidelines *de novo*."[1]

---

[1] *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005) (referring to *United States v. Booker*, 543 U.S. 220 (2005)).

## III. ANALYSIS

As a threshold matter, we conclude that Rodriguez's second claim is unavailing.[2] In *United States v. Cepeda-Rios*,[3] we held that the government is not required to comply strictly with the procedural requirements of 21 U.S.C. § 851 when it is not the prosecuting party. The only question for purposes of sentence enhancement is whether the offense was *punishable* under 21 U.S.C. § 844(a).[4] Here, the offense was so punishable.

Rodriguez's first claim is likewise unavailing. It is true that in seeking sentence enhancement, the government has the burden of proving by a preponderance of the evidence that the sentence qualifies for enhancement.[5] For Rodriguez's second possession conviction to support enhancement pursuant to § 844(a), the government had to prove by a preponderance of the evidence that the second of his prior possession offenses was committed after the first such conviction had become final. Specifically, the government was required to show that the first prior conviction is no longer subject to examination on direct appeal or to discretionary review by any court.[6] The narrow question before us is whether the government bore its burden of showing such finality of the first prior conviction before Rodriguez committed the second offense.

As evidence of finality, the government entered into evidence the first indictment and judgment of conviction. We find no evidence in the record — and

---

[2] Indeed, he so concedes and advances this contention only to preserve it for further review.

[3] 530 F.3d 333 (5th Cir. 2008).

[4] *Id.* at 336 n.11.

[5] *United States v. Herrera-Solorzano*, 114 F.3d 48, 50 (5th Cir.1997)

[6] *United States v. Andrade-Aguilar*, 570 F.3d 213, 218 (5th Cir. 2009) (internal citations ommitted).

Rodriguez points to none — that his 1990 conviction was still on appeal (if it ever was) or under discretionary review in any Texas appellate court or federal court, at the time in 1993 when he committed his second possession offense. To the contrary, it is evident from the only evidenced adduced by either party that approximately three years had passed between the first conviction and the commission of the second offense. As we noted in *Smith v. Gonzales*,[7] the passage of a substantial amount of time without the defendant's seeking direct of discretionary appellate review may render that conviction final for § 844(a) purposes.[8] Rodriguez's window for appealing his 1990 possession conviction to the Texas appellate court was thirty days.[9] Rodriguez has not claimed to have appealed that conviction, much less to have sought discretionary review, and the passage of three years would make the possibility of the 1990 conviction not being final in 1993 unlikely in the extreme. In light of the elapse of three years between the first conviction and the commission of the second possession offense, we conclude that the government's uncontroverted proffer of the 1990 indictment and judgment of conviction at the sentencing hearing satisfied its burden of proof.

## IV. CONCLUSION

For the foregoing reasons, the district court's judgment is, in all respects, AFFIRMED.

---

[7] 468 F.3d 272 (5th Cir. 2006).

[8] *Id.* at 277.

[9] Texas R. App. P. 26.2