# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 13, 2009

No. 08-60843
Summary Calendar

Charles R. Fulbruge III
Clerk

BLANCA NELIA MOSQUEDA-MASIEL

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A73 708 761

Before GARZA, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioner Blanca Nelia Mosqueda-Masiel ("Mosqueda") petitions this Court for a review of two decisions of the Board of Immigration Appeals ("BIA"). First, Mosqueda contests whether the BIA properly found that her second conviction for possession of a controlled substance was an aggravated felony, which would divest this Court of jurisdiction to hear her petition for cancellation of removal. Second, Mosqueda challenges whether the BIA properly denied her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

subsequent motion to reopen despite her alleged prima facie eligibility for temporary relief under a U-visa.

Mosqueda is a native and citizen of Mexico who became a lawful permanent resident of the United States in 1996. In June 2006, Mosqueda pled guilty and was convicted in the County Court at Law of Bexar County, Texas, of possession of less than twenty-eight grams of alprazolam. In July 2006, she pled nolo contendere and was convicted in the 187th Judicial District Court of Bexar County, Texas, of felony possession of less than one gram of heroin. The Department of Homeland Security charged Mosqueda as removable under Immigration and Nationality Act ("INA") § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), as an "alien who at any time after admission has been convicted of a violation of . . . any law or regulation" relating to a controlled substance. She was also charged as removable under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an "alien who is convicted of an aggravated felony at any time after admission."

In a proceeding before an immigration judge ("IJ"), Mosqueda conceded she was removable under INA § 237(a)(2)(B)(i), but challenged the charges under § 237(a)(2)(A)(iii), arguing that she had never been convicted of an aggravated felony and seeking cancellation of removal. The IJ sustained both charges of removability. Mosqueda appealed to the BIA, who sustained her appeal and remanded to the IJ because the record did not clearly establish that her second conviction occurred after her first conviction became final, a requisite basis for finding Mosqueda convicted of an aggravated felony under the applicable federal law. On remand, the IJ concluded that Mosqueda's second conviction did occur after the first conviction became final, sustained both charges of removability, and found her statutorily ineligible for cancellation of removal. In August 2008, the BIA affirmed this decision. Mosqueda now petitions for review of this BIA

decision as well as the BIA's October 2008 denial of her motion to reopen her case for lack of jurisdiction.

This Court decides questions of jurisdiction de novo. *Lopez-Elias v. Reno*, 209 F.3d 788, 791 (5th Cir. 2000). INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), provides in pertinent part that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 212(a)(2) or 237(a)(2)(A)(iii)." Thus, this Court is statutorily precluded from reviewing any removal order based on commission of an aggravated felony. *See Hernandez-Castillo v. Moore*, 436 F.3d 516, 519 (5th Cir. 2006) ("The [REAL ID] Act amends 8 U.S.C. § 1252(a)(2)(C) to preclude all judicial review, habeas or otherwise, where a removal order is based on, *inter alia*, the alien's commission of an aggravated felony.").

However, we are not precluded from reviewing constitutional claims or questions of law otherwise raised in the petition for review. *See* INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); *Brieva-Perez v. Gonzales*, 482 F.3d 356, 359 (5th Cir. 2007). Thus, we have jurisdiction to consider the question of law regarding whether Mosqueda is removable on the basis of an aggravated felony drug trafficking conviction and therefore statutorily ineligible for cancellation of removal. *See Ramirez-Molina v. Ziglar*, 436 F.3d 508, 513-14 (5th Cir. 2006) ("[T]he REAL ID Act allows the courts of appeals to review constitutional and legal claims regarding removal orders even where the Act renders an order otherwise unreviewable.").

INA Section 101(a)(43)(B) provides that "illicit trafficking in a controlled substance . . . , including a drug trafficking crime" is an aggravated felony. 8 U.S.C. § 1101(a)(43)(B). Section 924(c) defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act ['CSA']." 18 U.S.C. § 924(c)(2). Regardless of whether a state offense is classified as a misdemeanor

or felony under state law, a state offense constitutes a "felony punishable under the [CSA] only if it proscribes conduct punishable as a felony under that federal law." *Lopez v. Gonzales*, 549 U.S. 47, 60, 127 S. Ct. 625, 633 (2006) (internal quotation marks omitted). This Court has held that where the defendant had a prior state conviction for possession of a controlled substance, a subsequent state conviction for possession would be punishable as a felony under the CSA. *United States v. Sanchez-Villalobos*, 412 F.3d 572, 576-77 (5th Cir. 2005) (citing 21 U.S.C. § 844(a)); *see also In re Carachuri-Rosendo*, 24 I. & N. Dec. 382, 386-88 (BIA 2007) (holding that *Sanchez-Villalobos* is controlling over Fifth Circuit cases).

Mosqueda argues that the BIA erroneously gave the *Sanchez-Villalobos* holding controlling weight, citing to a footnote in this Court's opinion in *Smith v. Gonzales*, 468 F.3d 272, 276 n.3 (5th Cir. 2006) (finding uncertainty in the precedential effect of *Sanchez-Villalobos*'s alternative holding that a subsequent state conviction for possession of a controlled substance is an aggravated felony). However, any ambiguity created by the *Smith* footnote was resolved by *In re Cepeda-Rios*, 530 F.3d 333, 335 (5th Cir. 2008), which reaffirmed that this Court's holding in *Sanchez-Villalobos* remains controlling. Even though *Sanchez-Villalobos* was decided pre-*Lopez*, this Court found "nothing in the [Supreme] Court's opinion in *Lopez* that overrules our holding in *Sanchez-Villalobos*. The analysis employed there is consistent with our earlier 'hypothetical' approach in *Sanchez-Villalobos*, viz., a state crime is to be deemed a felony if it would have been prosecuted as such under federal law." *Id.* Mosqueda's second possession offense occurred after a prior, final conviction for possession of a controlled substance. Thus, her second state conviction for possession would be punishable as a felony under the CSA, as the IJ and BIA properly determined. This Court lacks jurisdiction to review the BIA's decision pursuant to INA § 242(a)(2)(C).

Finally, Mosqueda contends that although the BIA lacked jurisdiction over her U-visa application, it nonetheless was required by its precedent in *In re Velarde*, 23 I. & N. Dec. 253 (BIA 2002), and *In re Garcia*, 16 I. & N. Dec. 653 (BIA 1978), to grant her motion to reopen because she submitted evidence that she was prima facie eligible for adjustment status.[1] However, in the cases Mosqueda cites, the BIA could properly reopen proceedings because the IJ would have jurisdiction to adjudicate the subsequent application for adjustment of status once the pending immigrant visa application was approved. Here, even if Mosqueda is correct regarding her prima facie eligibility for adjustment status and USCIS were to approve her application for a U-visa, Mosqueda would not be eligible for adjustment of status before an IJ. A U-visa is statutorily *non-immigrant*, and IJ action requires that an applicant have an approved *immigrant* visa. If Mosqueda wishes a stay of removal pending her U-visa application, she must make that request directly with USCIS. 8 C.F.R. § 214.14(c)(1)(ii). Thus, the BIA properly denied her motion to reopen for lack of jurisdiction.

Mosqueda's petition for review is DISMISSED on both grounds for lack of jurisdiction.

---

[1] A "U-visa" is a non-immigrant visa created for crime victims who have suffered physical or mental abuse and have been or will likely be helpful to law enforcement authorities in investigating and prosecuting criminal activity. INA § 101(13)(U), 8 U.S.C. § 1101(13)(U). Mosqueda argues she is prima facie eligible for temporary relief under a U-visa because she testified against a rapist in a jury trial that resulted in conviction.