# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 19, 2010

No. 08-60624
Summary Calendar

Charles R. Fulbruge III
Clerk

M.A. RAQUIB,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A46 948 179

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

M.A. Raquib, a native and citizen of Bangladesh, petitions, *pro se*, for review of an order of the Board of Immigration Appeals ("BIA"). The BIA dismissed Raquib's appeal of the Immigration Judge's ("IJ") order of removal because it found that Raquib's 2006 conviction for possession of cocaine base for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sale in violation of California Health and Safety Code § 11351.5[1] constituted an aggravated felony, and aliens convicted of aggravated felonies are ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(a)(3). For the following reasons, we deny Raquib's petition for review.

Raquib was lawfully admitted as a permanent resident alien in 2000. In 2007, the Department of Homeland Security ("DHS") began removal proceedings on two grounds: Raquib's 2006 conviction under California Health and Safety Code § 11351.5 was an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii), and the 2006 conviction was a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i). Raquib's counsel filed a motion to withdraw after Raquib stated that he wanted to end his representation. The IJ granted the motion.

After hearings in which Raquib appeared *pro se*, the IJ found that Raquib presented no evidence to dispute the 2006 conviction, the 2006 conviction was an aggravated felony, Raquib's other arguments were baseless, and held that Raquib was not eligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3). The IJ also denied Raquib's motion to change venue to Los Angeles, California. The BIA affirmed the IJ's ruling, finding that Raquib's 2006 conviction qualified as an aggravated felony. This petition followed.

We are jurisdictionally barred from reviewing removal orders for aliens who have committed an aggravated felony. *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 460–61 (5th Cir. 2006) (citing § 8 U.S.C. § 1252(a)(2)(C)). However, we may review "'constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.'" *Id*. at 461 (quoting § 8 U.S.C. § 1252(a)(2)(C)). We review the BIA's

---

[1] California Health and Safety Code section 11351.5 states "[e]xcept as otherwise provided in this division, every person who possesses for sale or purchases for purposes of sale cocaine base . . . shall be punished by imprisonment in the state prison for a period of three, four, or five years."

No. 08-60624

legal conclusions *de novo.* *Id.* (citations omitted). We are also barred from reviewing legal or constitutional claims which have not been administratively exhausted before the IJ or BIA. *See Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009) (citing 8 U.S.C. § 1252(d)(1)).

A "'drug trafficking crime (as defined in section 924(c) of Title 18)'" constitutes an aggravated felony. *Smith v. Gonzales*, 468 F.3d 272, 275 (5th Cir. 2006) (quoting 8 U.S.C. § 1101(a)(43)(B)). A "'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." 18 U.S.C. § 924(c)(2). The IJ ordered removal because Raquib was convicted of an aggravated felony, and the only relief which he sought—cancellation of removal—is not available to aliens convicted of aggravated felonies. *See* 8 U.S.C. § 1229b(a)(3). Raquib argues that the 2006 conviction was not an aggravated felony because it was not a felony under federal law. Because this is the first time that Raquib makes this argument, Raquib failed to exhaust his administrative remedies, and we do not have jurisdiction to consider this question.

Raquib also appears to argue that his counsel before the IJ was ineffective. This claim fails because Raquib does not make a coherent argument as to how his counsel's performance was ineffective and how it prejudiced him. *See De Zavala v. Ashcroft*, 385 F.3d 879, 884 (5th Cir. 2004) (finding that even if the petitioner received ineffective assistance of counsel she did not suffer prejudice). Raquib presented no evidence upon which we could find that the IJ violated his constitutional rights. We find that his ineffective assistance of counsel claim fails.

Raquib's remaining arguments are unavailing. Raquib argues at length that a conviction in 2003 under the same California statute is invalid.[2] However,

---

[2] Raquib apparently believes that the BIA found that he was guilty of an aggravated felony as a "recidivist drug offender," a felony under 21 U.S.C. § 844(a), which would have

3

the 2003 conviction was not at issue in this proceeding. DHS erroneously charged removal based on the 2003 conviction, and the IJ overruled that charge based on Raquib's showing that the conviction had been vacated.[3] The IJ allowed DHS to file a Form I-261 adding charges based on Raquib's 2006 conviction, and ordered removal based on those charges. Raquib's attack on the 2003 conviction is irrelevant.

Raquib challenges that the IJ's removal order was invalid because it was *in absentia*. However, this claim seems to be based solely on the fact that the IJ wrote the order. Raquib does not dispute that he received the order, the record shows it that was properly served by mail, and Raquib had appeared in the proceeding several times before the IJ issued the order. Raquib also argues that DHS's initial Notice to Appear ("NTA") was defective because it listed a "Mohammed Abdul Raquib," and his name is M.A. Raquib. Raquib does not dispute that he received the NTA, nor does he dispute that the NTA describes crimes for which he has been convicted. Furthermore, the IJ allowed amendment of the NTA to reflect his real name, and DHS's Form I-261 shows his real name. These arguments lack merit, and even if Raquib's arguments had merit, we are without jurisdiction to review them because they involve no legal or constitutional issues. *See Larin-Ulloa*, 462 F.3d at 460–61.

For the reasons stated above, we DENY Raquib's petition for review.

DENIED.

---

required that the BIA found both the 2003 and 2006 convictions valid. However, the BIA ruled that the 2006 conviction alone was an aggravated felony and overruled all charges related to the 2003 conviction.

[3] DHS filed charges for removal in 2003 based on the 2003 conviction, but an IJ dismissed those charges in 2004.